PERTH AMBOY TRUST COMPANY v. THE BOARD OF ALDERMEN OF THE CITY OF PERTH AMBOY.

Submitted July 5, 1907—Decided December 4, 1907.

Where land has been dedicated by its owner for street purposes as a public approach to a county bridge, a condition in the deed of dedication that the expense of turning such land into such street shall be borne by the public, and not by the owners of property abutting on such street, is a valid condition, which, if accepted and acted upon on behalf of the public, operates to release such property owners from such assessment.

On *certiorari*.

By deed dated July 24th, 1902, Cortlandt Parker and Cortlandt Parker, Jr., as owners in fee, dedicated to public use as a street to the city of Perth Amboy, a strip of land now known and used as Sheridan street. The deed contained the following recitals and conditions:

"Whereas, The board of chosen freeholders of the county of Middlesex aforesaid authorized and are about to build a

bridge for public travel across the Raritan river to a point on the south side thereof from the city of Perth Amboy, and

"WHEREAS, It is deemed advisable by the said board and is thus believed by the city of Perth Amboy and the general public, and it is desired that Sheridan street as laid down upon said map shall be used in connection with the approaches of said bridge, the same to be constructed at the termination of said street upon said river with a certain diversion thereof hereinafter stated shortly before reaching the river, in all which projects the said subscribers concur and desire to aid;

"Now, therefore, this instrument witnesseth, the said subscribers do hereby dedicate to public use forever as a street and highway of said city of Perth Amboy the said street as delineated upon the said map.

"Said dedication is made upon and subject to the following conditions, that is to say, that the same shall be forthwith legally accepted as one of the streets in the city of Perth Amboy, that said street shall be graded and worked so as to form a convenient approach to said bridge and connect therewith as soon as it shall be completed for public use, including the erection of a proper crossing or bridge over said Raritan North Shore railroad; the owners of property bordering upon said street to be free from municipal assessments therefor or for other street improvements unless the same shall be solicited by a majority in interest of the said owners."

By a resolution, passed on July 26th, 1902, the city council of Perth Amboy accepted the dedication, adopted the street and expressly provided that said acceptance and adoption were subject in all things to the conditions stated in the instrument of dedication. The city opened the street, worked and graded it pursuant to the scheme recited in the deed of dedication and levied the cost of such work as an assessment upon the lands bordering on such street in direct violation of one of the conditions of the deed of dedication. The writ of *certiorari* in the present case challenges the validity of the levying of this assessment.

Before Justices GARRISON and SWAYZE.

For the prosecutor, *Adrian Lyon.*

For the defendant, *Charles C. Hommann.*

The opinion of the court was delivered by

GARRISON, J. The excuse of the city for levying the assessment in question in the face of the condition of dedication which it had accepted is that it had no power to accede to the condition upon which the land for Sheridan street was given by its owners to the public. The claim of the city is that the dedication should stand, but that the condition upon which it was made should be ignored. We cannot take this view of the legal situation. The condition, so far as it affected Sheridan street, being limited to a single expenditure for a specific purpose, was in effect the price the city was willing to pay for the land. If the city had power to buy the land at such sum, it had power to agree to expend such sum upon the land as the condition of its perpetual dedication to public uses. After the expenditure of the sum thus required the public have no more standing to exact payment from the abutting owners than the owners have to exact damages from the public for taking the land. *Dill. Mun. Corp.* (*3d ed.*), § 632, and cases cited in the notes.

The presence in the deed of dedication of conditions not involved in the present controversy does not militate against the views that have been expressed and need not, in our judgment, be further considered in the present proceeding. The assessment brought up by this writ of *certiorari* is set aside, with costs.