[No. 18046.   Department Two.   December 18, 1923.]

JACK NEAGLE, *Appellant*, v. THE CITY OF TACOMA,
*Respondent*.

ANDREW WILLISON, *Appellant*, v. THE CITY OF TACOMA,
· *Respondent*.[1]

DEDICATION (26)—MUNICIPAL CORPORATIONS (353, 411)—STREETS—
POWER TO CONTROL—RESERVATIONS—LIABILITY FOR OBSTRUCTIONS.  A
city, in accepting a dedication of streets, with reservations, cannot
deprive itself of the control of the street or delegate its control so
as to relieve itself of liability for obstructions, negligently main-
tained in the street to support an overhead crossing, under the
terms of the reservation of the dedicator.

NEGLIGENCE (23)—IMPUTED NEGLIGENCE—DRIVER OF AUTOMOBILE.
The negligence of the driver of an automobile is not imputed to a
passenger, in the absence of any relation of master and servant or
principal and agent, where the passenger was not in a position to
exercise any control over the negligent act.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered December 2, 1922, upon
granting a nonsuit, dismissing an action in tort. Re-
versed.

*Raymond J. McMillan* and *Ernest K. Murray*, for ap-
pellants.

*P. C. Sullivan* and *Percy P. Brush*, for respondent.

PEMBERTON, J.—The appellants instituted separate
actions against the respondent to recover damages for
injuries resulting from an automobile accident.  On
April 20, 1921, at about eight o'clock in the evening,
the automobile in which appellants were riding was
traveling westerly on East Eleventh street, in the city
of Tacoma, and collided with a support to an overhead
crossing. . These supports are twelve inches in width

[1]Reported in 221 Pac. 588.

and about twenty-five feet apart. East Eleventh street is planked for a width of twenty-five feet, the support on the north side standing out into the highway so that the south edge is five feet south of the north edge of the plank. It is claimed that, at the time of the accident, it was dark and raining and this north support was unilluminated and practically invisible; that, at the time the automobile approached this overhead crossing, it was running approximately twelve miles an hour and a number of automobiles were passing easterly. The driver of the automobile kept to the right of the road for the purpose of giving these cars the right of way, and while driving his automobile within about four feet of the north edge of the planked portion of the street, his right fender collided with the support to the overhead crossing, causing the injuries to appellants.

The St. Paul & Tacoma Lumber Company platted this portion of East Eleventh street, and the plat refers to a deed of dedication containing the following reservation:

"Subject however to the following reservations which the first party makes as conditions and limitations upon the operation, extent and continuation of said above land and conveyance, to wit: Subject to the right of the first parties to continue the use and to maintain over, along or under said above described strip of land all such cross roads, log ponds, railways and other means and easements for conveyance and passage of persons or chattels as are now and have been used by the said first party and such as shall in the opinion of the first party, its successors and assigns, be or become necessary for the proper convenient or economical dispatch of its or their business, as the same is now or as it may be hereafter transacted. Provided, the first party is to construct and maintain any and all such private crossings, railways, log ponds and other means or easements at its own expense, and so

as to interfere as little as possible with the public use of said street and highway, the easement for which is hereby granted to the said second party, and agrees at no time to obstruct the passage or use of said street and highway except temporarily and for such time only as shall be necessary for the purpose of crossing the same, this limitation, however, not to apply to easements for crossings overhead or underneath.''

At the close of the evidence of appellants, the court granted a motion of nonsuit on the ground that, under the reservations contained in the plat and deed, the city had no authority or control over that portion of East Eleventh street. From judgment of dismissal, this appeal is taken.

Respondent relies on the case of *Giles v. Olympia*, 115 Wash. 428, 197 Pac. 631, 16 A. L. R. 493, wherein it is said:

"As a general rule, the dedicator may impose reasonable conditions and restrictions in making a dedication of his property.''

This was with reference to the agreement in the dedication that the abutting land should be free from assessment, which does not in anywise limit the control of the street.

A city cannot deprive itself of power to regulate and control its streets through contract or ordinance. Elliott, Roads and Streets (3d ed.), § 840. Where streets are dedicated by plats containing reservations depriving the city of the control of its streets, ''the public has power to accept the grant, but no power to assent to the conditions proposed.'' *Richards v. Cincinnati*, 31 Ohio St. 506.

In the case of *Bradley v. Spokane & Inland Empire R. Co.*, 79 Wash. 455, 140 Pac. 688, L. R. A. 1917C 225, we said:

"The reservation in the dedication to general municipal purposes, such as the laying of 'water and gas pipes and electric wires, and to erect poles for such purpose, and to construct and operate in such streets and alleys cable and motor railways,' would be so repugnant to the character of these streets and alleys as public ways by seeking to take away from the city the power to exercise control over these streets, as to contravene a sound public policy, and for this reason we think it must be held absolutely void."

"The right of the dedicator to annex conditions to the dedication is limited, however, by the rule that the conditions must not be such as would prevent a reasonable enjoyment of the dedication, or be in any way inconsistent with the enjoyment. No condition can be annexed which will take the property from the control of the duly authorized public officers, or which will in any way impair the usual exercise of the police power by the proper authorities. Should an attempt be made to add such conditions, the dedication will be upheld and the conditions be held void." 9 A. & E. Ency. Law, p. 75.

The city cannot delegate by contract, reservation or otherwise its control over the street to the extent of relieving it of liability.

It is contended by the city, however, that the evidence of the appellants clearly establishes that they were making use of McQuarrie's car in riding from their homes in the city on their own business visiting their property at Dash Point; that McQuarrie, the driver of the car, was acting as the agent of Willison and Neagle in transporting them back and forth from their place of work to the city, and the negligence of McQuarrie is imputed under this relationship to be that of appellants, relying upon *Masterson v. Leonard,* 116 Wash. 551, 200 Pac. 320, and *Allen v. Walla Walla Valley R. Co.,* 96 Wash. 397, 165 Pac. 99.

There was a relationship of master and servant existing between McQuarrie and appellants. Appellants

were in the employ of McQuarrie remodeling his house, and at the time of the accident were riding with their employer in his car from their place of employment. We said in *Allen v. Walla Walla Valley R. Co., supra:*

"So that the doctrine of imputed negligence is based upon the single question of whether the occupant of the vehicle was in a position to exercise authority or control over the driver in respect to the matter in which the driver was negligent. The basic thought upon which the doctrine or principle of imputed negligence rests is that the relationship of master and servant or principal and agent must exist between the driver and the occupant at the time of the injury. In the absence of such a relationship, the negligence of the one will not be attributed to the other. *Beach v. Seattle,* 85 Wash. 379, 148 Pac. 39; *McCanna v. Silke,* 75 Wash. 383, 134 Pac. 1063; *Field v. Spokane, Portland & Seattle R. Co.,* 64 Wash. 445, 117 Pac. 228; *Cathey v. Seattle Elec. Co.,* 58 Wash. 176, 108 Pac. 443; *Wilson v. Puget Sound Elec. R.,* 52 Wash. 522, 101 Pac. 50, 132 Am. St. 1044; *Shearer v. Buckley,* 31 Wash. 370, 72 Pac. 76; *Brabon v. Seattle,* 29 Wash. 6, 69 Pac. 365."

The appellants having no control over the driver of the car, the principle of imputed negligence does not apply.

The judgment will be reversed, and the case remanded with direction to grant a new trial.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.