[No. 22720. Department Two. December 4, 1930.]

MARGARET DENNEY *et al., Respondents,* v. CHARLES POWER *et al., Appellants.*[1]

[1]Reported in 293 Pac. 451.

*McCarthy & Edge* and *W. E. DuPuis,* for appellants.
*Powell & Herman* and *Joseph Rosslow,* for respondents.

BEALS, J.—This litigation is based upon a collision between two automobiles which took place on the evening of December 24, 1929, in the city of Spokane. Third avenue (an east and west street) and Cowley street cross each other at right angles, and on the occasion mentioned, Margaret Denney was riding in an automobile owned and driven by her son, C. C. Denney, the car proceeding eastward along Third avenue, while defendant, Anna M. Power, was driving the car owned by defendants westward along the same avenue, each machine being upon its proper side of the street, and approaching the intersection of Third avenue and Cowley street at approximately the same time.

Mrs. Power, with whom were riding her sister and a grandchild, desiring to turn south on Cowley street, swung her car to her left, with the result that it was struck by the car driven by Mr. Denney, the Denney car after the collision passing defendant's car and turning to its right, striking the curb and turning over, falling against an electric light pole, as a result of which accident Mrs. Denney was severely injured. Plaintiffs sued for damages on account of Mrs. Denney's injuries, alleging negligence on the part of Mrs. Power, which negligence defendants denied, they pleading affirmatively contributory negligence on the part of plaintiffs. The action was tried to the court sitting without a jury, and resulted in a judgment in plaintiffs' favor in the sum of $3,665, from which judgment defendants appeal.

The car in which respondent Margaret Denney was riding was the property of her son, C. C. Denney, who

was, as above stated, driving the same at the time of the accident. The car was crowded, Mr. Denney, his wife and his mother, respondent Margaret Denney, occupying the front seat, while respondent Guy Denney, with five small children, members of the family, were riding in the rear seat.

The trial court, upon conflicting evidence, found that Mrs. Power, who will in this opinion be hereafter referred to as though she were the sole appellant, was negligent in failing to pass to the right of and beyond the center of the street intersection before turning south on Cowley street. In other words, the trial court found that appellant cut the corner, and that she was also negligent in failing to observe the Denney car, and in failing to afford the same the right of way to which its position entitled it. It is evident that, when appellant turned her car to her left for the purpose of proceeding south on Cowley street, she placed the Denney car on her right, thus creating a situation in which the Denney car had the right of way, thereby placing appellant under the obligation of observing the statute applicable to the situation created by the turn of appellant to her own left.

It clearly appears from the evidence, and the trial court found, that, at and just prior to the collision, appellant was not exceeding the speed limit, but was, on the contrary, proceeding at a speed well within the law. As to the speed at which the Denney car was proceeding, the evidence is in dispute, it being contended by appellant that this car was being driven at a rate in excess of the legal limit. The trial court found that Mr. Denney was not driving at a rate of speed in excess of that allowed by law, and that he was not negligent in driving at the rate at which he was going. The trial court also found that Mr. Denney did not, at any time immediately prior to or at the time of the

collision, apply his brakes, which Mr. Denney testified were in perfect condition, having recently been relined.

Appellant contends that the trial court erred in finding that Mrs. Denney was, at the time of the collision, riding as a guest in her son's automobile; in finding that, at the time of the collision, respondents were not engaged with their son, C. C. Denney, in the prosecution of a joint venture or common enterprise; in finding that Mr. Denney was not negligent in driving his car at the speed at which it was proceeding; in fixing respondents' damages in the sum for which the court awarded judgment; and in refusing to make findings of fact and conclusions of law in appellant's favor.

Appellant contends that the negligence of the driver of the Denney car was the proximate cause of the collision, in that he failed to apply his brakes when he saw, or should have seen, that a collision was imminent. In this connection, appellant contends that it appears from the evidence that as a matter of fact the brakes on the Denney car were not in good condition, and that in effect the car had no brakes, which accounts for the failure of the driver of this car to use the same.

Testimony was introduced to the effect that after the accident the brakes on the Denney car were out of commission, and appellant argues that, as it does not appear from the testimony that the brakes were damaged by the collision, it should therefore be concluded that the brakes were defective before the accident. Appellant also contends that the testimony of the driver of the car to the effect that he had had the brakes relined about two months before the accident was discredited by the testimony of the man Mr. Denney testified did the work, this man having been called as a witness by appellant and testifying that he had no record of having worked on the car and that a

record of all work done in his shop was usually made. Appellant also contends that the position of the two cars after the accident clearly indicates that the Denney car was either proceeding at an excessive rate of speed, or that the driver had no control over the car because of the absence of brakes. Appellant also argues in favor of this contention because of the damage done to the Power car and other physical facts testified to on the trial.

As to whether or not respondents and their son, C. C. Denney, were, at the time of the accident, engaged in a joint venture, was a question of fact to be determined from the evidence. Respondent Guy Denney and his son, C. C. Denney, were engaged in the business of promoting an oil well. The father was president of the company, and the son secretary. The car in question was often used on the business of the company. On the evening of the accident, the parties had been, with the children, attending Christmas celebrations at the homes of the different members of the family, two cars being used in transporting the different families from one house to another.

In support of the contention that the parties were engaged upon a joint venture, appellant cites the case of *Hurley v. Spokane*, 126 Wash. 213, 217 Pac. 1004. In this case it was held that a sister and brother were engaged on a common venture while using their father's car, driven by the brother, and that the negligence of the brother must be attributed to the sister. It appeared that Miss Hurley and her brother occupied the front seat of an automobile in which, on a December morning, they undertook to drive down a steep, winding street, the pavement being covered with a thin film of ice. The machine skidded, both the brother and sister being hurt as the result of the ensuing accident. It appeared that the brother and

sister were using their father's car, which it may well have been held had been intrusted to them jointly, neither being the guest of the other.

In the case at bar, we are satisfied that it appears from a preponderance of the testimony that Mr. C. C. Denney was maintaining his own home for himself and his family, and was the owner of the automobile. While it is true that the car was often used in connection with the business in which Mr. Denney and his father, respondent Guy Denney, were jointly interested, we cannot find in the testimony any basis for a finding that the machine belonged to any person other than C. C. Denney. There was, therefore, no question of a "family car" involved, and we are satisfied that from the evidence it must be held as matter of law that respondent Margaret Denney was riding in her son's car as his guest, that she was not engaged with her son upon any common enterprise or joint venture, and that any negligence on the part of C. C. Denney cannot be imputed to her. *Beach v. Seattle,* 85 Wash. 379, 148 Pac. 39; *Allen v. Walla Walla Valley R. Co.,* 96 Wash. 397, 165 Pac. 99; *Neagle v. Tacoma,* 127 Wash. 528, 221 Pac. 588; *Thompson v. Collins,* 139 Wash. 401, 247 Pac. 458.

Subdivision (14) of § 6362-41, Rem. 1927 Sup. (Laws of 1927, p. 802, § 41), reads as follows:

"Drivers, when approaching public highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not: Provided, this paragraph shall not apply to drivers on arterial highways."

The basic fact which, in our opinion, controls this case is that, when appellant turned her car south on Cowley street, she placed the Denney car on her right, and thereupon it became her duty under the law to

look out for and give the right of way to that car. Proceeding from this fact as a starting point, and in view of our holding that respondent Margaret Denney was riding in her son's car as a guest, the conclusion reached by the trial court that appellant was negligent in turning her automobile as she did in front of the Denney car logically follows, and the judgment of the trial court, holding appellant liable to respondents, was therefore correct.

■ Appellant vigorously contends that the damages allowed respondents are excessive. Mrs. Denney suffered a colles fracture of her right wrist, which was skillfully reduced, and from which she has experienced a fortunate recovery. It appears that Mrs. Denney was fifty-nine years of age, and she testified that, as a result of the accident, she received an injury to her neck (concerning which her physician stated that he found physical evidence of such an injury), that she suffered from headaches, pains in her back, and that her right leg and hip troubled her in walking. Two physicians, testifying on behalf of respondents, stated that in their opinion, as far as her right arm was concerned, Mrs. Denney had suffered a fifty per cent disability, and that her general disability should be estimated at twenty-five per cent. The trial court was in a better position than are we to determine the extent of Mrs. Denney's physical injuries, and the damage suffered by her on account thereof. While the amount of the recovery allowed by the trial court was liberal, an examination of the evidence satisfies us that it cannot be said that the amount thereof should be reduced.

Finding no error in the record, the judgment appealed from is affirmed.

MITCHELL, C. J., FULLERTON, HOLCOMB, and MILLARD, JJ., concur.