[No. 22683.  Department Two.  January 5, 1931.]

SAMUEL C. COLEMAN *et al., Appellants,* v. HAMMOND
LUMBER COMPANY *et al., Respondents.*[1]

*W. H. Sibbald,* for appellants.
*Fisk & McCarthy,* for respondents.

[1]Reported in 294 Pac. 968.

BEELER, J.—Plaintiffs seek damages for the use and occupation, by defendants, of a street or road which fronts their property. The facts are:

That plaintiffs, husband and wife, in May, 1923, purchased lots 1 and 2, block 2, Wood's Addition to the city of Kelso, Cowlitz county, Washington, and erected a garage, various outbuildings, and a dwelling thereon, and continuously thereafter resided on the property, which is located just outside the corporate limits of the city of Kelso, with unpaved, ungraveled roadways or streets running along two sides thereof; that Laurel street, referred to at times as "Riddell road," runs approximately east and west, and Eighth street, approximately north and south, the property being situated at the southeast corner of this street intersection, with a frontage of one hundred feet on Laurel street and fifty feet on Eighth street.

On March 7, 1923, the board of county commissioners of Cowlitz county gave to respondent Hammond Lumber Company, permission to construct a logging railroad on Laurel street, and in the vicinity of plaintiffs' property the roadbed was constructed from twelve to eighteen inches below the surface of the street; that the Hammond Lumber Company, sometime during the year 1924 or 1925, conveyed its right, title and interest in its roadbed and railway to the Kelso Eastern Railroad, the other defendant; that both the defendants are public service corporations with the power of eminent domain; that the defendants used the roadbed until November, 1929, at which time it was abandoned and the ties and rails removed, thereby leaving a depression of from twelve to eighteen inches near the center of the street; that Laurel street is sixty feet in width, and the space between plaintiffs' northerly property line and the roadbed is eighteen feet wide,

which portion of the street was used for vehicular traffic, and as a result thereof plaintiffs claim that during the summer months they suffered from dust and dirt, resulting from such traffic, to such an extent that they were compelled to keep the doors and windows of their dwelling closed at times, were unable to grow flowers, and during the winter months suffered from the mud and mire of the street, and by reason of these conditions they sought damages from defendants in the sum of two thousand dollars. At the conclusion of the testimony, plaintiffs' action was dismissed and judgment for costs was awarded against them, from which judgment they have appealed.

One of the findings of fact made by the trial court provides:

"That, prior to the commencement of the trial of said action, the plaintiffs conceded that the statute of limitations had run against any claim for damages to their property abutting upon said street, and that said action was prosecuted by plaintiffs for the recovery for the use and occupancy by the defendants of said Laurel street in front of plaintiff's property."

Furthermore, at the commencement of the trial and before any testimony was offered, appellants' counsel stated:

"MR. SIBBALD: We want the record to show in this action, the action is not based on damages to adjacent property, the damages being personal to the owner of the land for use and occupation of the street and the necessarily incurred damage, which we will show happened through the use of the street for that purpose."

Later the following colloquy occurred between the court and appellants' counsel:

"MR. SIBBALD: We offer to show by this witness that because of the building of this railroad, the traffic was forced almost entirely to the south side of the

road, because the railroad is so close to the property line of the plaintiff, that the traffic was forced up practically on to the sidewalk line with the result that there was a continual annoyance from dust and dirt caused by traffic being so close to his front door. THE COURT: That is damage to adjacent property. MR. SIBBALD: No, it is damage to him living in it. He has been living in that house. THE COURT: You are not asking damage to the house? MR. SIBBALD: I know it. That is why I am getting away from it. THE COURT: You are coming squarely to it, it seems to me. MR. SIBBALD: This is damage to him.''

Appellants drew their complaint on the theory that they had a right to recover damages to their property by reason of the use and occupation of Laurel street by respondents in the operation of their railroad. It is significant to note that the complaint contains no allegation of inconvenience resulting from dust, dirt or mud, or annoyance from the smoke and noise resulting from the operation of logging trains, and no damage was claimed by reason thereof. It is apparent that appellants abandoned the allegations in their complaint, and at the trial proceeded on the theory that they were entitled to recover for the annoyance and inconvenience resulting from the use and operation of the railroad on Laurel street.

· Hence, one question for our consideration, raised by assignments 2 to 5, inclusive, is, have appellants a right of recovery for such alleged inconvenience and annoyance resulting from the use and occupation of Laurel street by respondents, and if so, does the evidence establish that they sustained any damage, as disassociated from the damages, if any, to their property?

The law is well settled that, when an owner dedicates his land for street purposes, he cannot make any reservation affecting its use or occupation in the

future. In *Giles v. Olympia,* 115 Wash. 428, 197 Pac. 631, 16 A. L. R. 493, we said:

"No dedication is good, under all the authorities, which attempts to take from the public authorities their full power and control over streets."

On March 7, 1923, respondent, Hammond Lumber Company, was given permission by the county commissioners of Cowlitz county to construct and maintain its roadbed on this public road or street. The county commissioners acted within their authority in permitting the roadbed to be constructed. The Hammond Lumber Company was not a trespasser upon the street. It went upon the street or road with the sanction, approval and by the authority of the public officials empowered by law to give such permission or grant. Presumably the roadbed was located and constructed on Laurel street under the direct supervision of the county commissioners.

Appellants rely on the cases of *Smith v. Centralia,* 55 Wash. 573, 104 Pac. 797, and *Brazell v. Seattle,* 55 Wash. 180, 104 Pac. 155. These cases merely hold that the owner of property abutting upon a street has a special interest in the street, which gives him the right to prevent the construction of a railroad or any other structure on the street until he has received just compensation. Generally speaking, a freeholder owns the fee to the center line of a public street in front of his property, subject to the use by the public during the time it is used for street purposes; that is, he has a reversionary interest in the street.

Appellants could have maintained an action to recover whatever damages they may have sustained to their property by reason of the construction of the railroad in Laurel street, at any time within three years from the commencement of their right of action. But this right of action was removed from the case by

the operation of the statute of limitations. Rem. Comp. Stat., § 159. Appellants failed to bring their action within the three-year period, and then sought to circumvent § 159 of the statute, *supra,* by claiming that the action was not one to recover damages to adjacent property, but to recover for the annoyance and harmful interference with the peaceable use and occupation of their property, and urge that Rem. Comp. Stat., § 157, is applicable. They claim that, during the summer months, they suffered from dirt and dust to such an extent that it deprived them of the peaceable enjoyment of their home. This inconvenience, if any, was brought about by no act of commission or omission on the part of respondents—it resulted directly from the vehicular traffic on Laurel street. The same is true as to the mud and dirt which may have been prevalent during the winter season of the year. Clearly § 157, *supra,* of the statute has no application to the facts of the case at bar.

Moreover, respondents had nothing to do with fixing and locating the traveled portion of Laurel street, and any inconvenience that appellants may have suffered therefrom can not be chargeable to respondents. Furthermore, appellants failed to establish that they sustained any personal damages, as disassociated from the damages to their property, the recovery for which is barred by the operation of the statute of limitations (§ 159, *supra*).

Appellants next urge that the trial court erred in permitting respondents to amend their answer during the trial by alleging that they secured permission from the county commissioners of· Cowlitz County to construct this roadbed on Laurel street. There is no merit to this contention, because appellants in their complaint alleged that the property was situated within, whereas in fact it was beyond, the corporate limits

176

of Kelso. Respondents, at the time they drew their answer, relied on and were misled by these allegations in the complaint. The error of appellants' complaint was first discovered during the trial. The trial amendment was proper.

Judgment affirmed.

MITCHELL, C. J., BEALS, MILLARD, and FULLERTON, JJ., concur.