[No. 1071-3.   Division Three.   June 23, 1975.]

NORTH SPOKANE IRRIGATION DISTRICT No. 8, *Appellant*, v. COUNTY OF SPOKANE, *Respondent*.

*Dellwo, Rudolf & Schroeder* and *Kermit Rudolf*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *Jim Emacio, Deputy*, for respondent.

McINTURFF, C.J. — North Spokane Irrigation District (hereafter District) seeks to be compensated for the taking and/or damaging of its property under the provisions of article 1, section 16 (amendment 9) of our state constitution. The alleged taking and/or damaging consists of interference with a reservation to lay down and maintain water pipes and connections in Market Street in the County of Spokane. The District appeals from an order granting the County of Spokane's (hereafter County) motion to dismiss for failure to state a claim upon which relief could be granted.

In November 1906, Colborn and Morgan's Acre Park Addi-

tion (hereafter Colborn Addition) to Spokane was platted and dedicated to the public. The reservation and dedication provided:

And the said George M. Colborn and Lulu V. Colborn . . . do hereby dedicate to the public, . . . as public highways, the streets and avenues as designated and marked upon said map. *Reserving the right to lay down and maintain water pipes in [sic] connections therewith* in all streets and avenues hereby dedicated to the public.

(Italics ours.) In 1922 the District organized and acquired title to all assets of Colborn and Morgan's Acre Park Water Company, including all rights-of-way, franchises and easements owned by its predecessor. This company supplied water for various purposes to the dedicators, successors and assigns. The water pipes in question are under Market Street, a county road; however, the County Engineering Department was unable to find any record of a franchise having been issued to the District. Instead, the County issued permits for individual pipe installations from time to time.

On August 29, 1968, the County adopted a resolution to upgrade and widen Market Street, originally dedicated to the city by the Colborn Addition. The County scheduled the project to widen Market Street to commence in April 1971, but because it had not completed the purchase of all rights-of-way required for the widening of the street, they were unable to commence the project until April 1972.

The District was notified in July 1971 of the pending construction which would necessitate the relocating of some of its pipes, hydrants and valves to prevent damage to them by vehicular traffic. At this time there was no demand by the defendant that the District commence work on the relocation of its water distribution system. However, the District opened bids for this work in August 1971, receiving a low bid of $17,438.60. In March 1972 the District received a letter from the County Engineer stating that it hoped to have the improvement project under construction

by April 1972. In the meantime, the initial bid lapsed and in April 1972 the District reopened bids obtaining a low bid of $25,657.65.

After the relocation work was completed, the District demanded reimbursement from the County for costs incurred. The County refused and the District commenced this action for the entire cost of relocation, or in the alternative, for the difference between the 1971 low bid and the 1972 low bid, *i.e.*, $8,219.05.

The District contends that a reservation of a right to lay down and maintain water pipes in streets dedicated to the public is as a matter of law a *reasonable* condition to be placed upon the dedication of property, *citing Wofford Heights Associates v. County of Kern*, 219 Cal. App. 2d 34, 32 Cal. Rptr. 870 (1965); that it has an enforceable property interest entitled to protection under article 1, section 16 (amendment 9) of the Washington State Constitution.

On the other hand, the County contends that a reservation of a right to lay down and maintain water facilities is an *unreasonable* reservation and interferes with the public right to exercise control over its streets.[1]

█ The rule is settled in Washington; the dedicator may impose reasonable conditions or restrictions upon a dedication of property to public purposes.[2]

In *Neagle v. Tacoma*, 127 Wash. 528, 530, 221 P. 588 (1923), the court stated that the public has the power to accept a grant when streets are dedicated but it has no power to assent to conditions depriving the city of the control of its streets.[3]

Although *Wofford Heights* is in point, that case does not represent the law in this jurisdiction. The District's conten-

---

[1] *Giles v. Olympia*, 115 Wash. 428, 197 P. 631, 16 A.L.R. 493 (1921).

[2] *Giles v. Olympia*, 115 Wash. 428, 437, 197 P. 631, 16 A.L.R. 493 (1921); see *Bradley v. Spokane & I.E.R.R.*, 79 Wash. 455, 461, 140 P. 688 (1914); *State ex rel. Grinsfelder v. Spokane St. Ry.*, 19 Wash. 518, 532, 53 P. 719 (1898).

[3] *Accord, Coleman v. Hammond Lumber Co.*, 160 Wash. 170, 174, 294 P. 968 (1931) (quoting with approval).

tion has been answered in *Bradley v. Spokane & I. E. R.R.*, 79 Wash. 455, 140 P. 688 (1914) at 461:

> The reservation in the dedication to general municipal purposes, such as the laying of *"water and gas pipes . . ."* would be so repugnant to the character of these streets and alleys as public ways by seeking to take away from the city the power to exercise control over these streets, as to contravene a sound public policy, and for this reason we think it must be held absolutely void.[4]

(Italics ours.) In view of the certainty of the law, we find that the reservation to lay down and maintain water pipes and connections in Market Street is unreasonable and void as against public policy. The trial court's dismissal of the District's first cause of action was proper.

█ The remaining issue concerns whether the District was damaged as a result of unreasonable delay in the defendant's commencement of its project of widening Market Street. The general rule is that where the franchise is silent as to the payment of the cost of the relocation of utilities, made necessary by public improvements, the cost must be borne by the franchise holder.[5] The District contends that the court erred in dismissing its second cause of action which it is alleged concerned an unreasonable delay on the County's part in commencing the project of widening Market Street; that because of that delay its original bid had lapsed and the necessary second bid was some $8,000 more.

We find no evidence that the County had knowledge that the first bids had been let by the District, that the District requested that they open bids at that time, nor that the County was guilty of any intentional conduct which delayed the project in question. In this instance the District stands in the same position as a franchise holder and must

---

[4] *Cf. State ex rel. York v. Board of County Comm'rs*, 28 Wn.2d 891, 898, 184 P.2d 577, 172 A.L.R. 1001 (1947). The primary purpose of highways is public travel. Secondary uses, such as for water mains, of public roadways are subordinate to and permissible only when not inconsistent with the primary use. *Accord, Albee v. Yarrow Point*, 74 Wn.2d 453, 458, 445 P.2d 340 (1968).

[5] *State v. PUD 1*, 55 Wn.2d 645, 349 P.2d 426 (1960); *Washington Natural Gas Co. v. Seattle*, 60 Wn.2d 183, 185-86, 373 P.2d 133 (1962).

bear the cost necessary to relocate its pipes. It cannot recover either amount because it has paid only the amount that it would have had to pay under the law.

Judgment of the superior court granting the order of dismissal is affirmed.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied August 6, 1975.

Review granted by Supreme Court October 7, 1975.