[No. 43901. En Banc. March 25, 1976.]

NORTH SPOKANE IRRIGATION DISTRICT NO. 8, *Petitioner*, v. THE COUNTY OF SPOKANE, *Respondent.*

*Dellwo, Rudolf & Schroeder,* by *Kermit M. Rudolf* and *Terry W. Martin,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *James P. Emacio, Deputy,* for respondent.

BRACHTENBACH, J.—This is an action brought by North Spokane Irrigation District No. 8 (hereafter District) seeking compensation, under the provisions of article 1, section 16 (amendment 9) of our state constitution, for the taking and/or damaging of its property. The taking and/or damaging consists of an interference by the County of Spokane (hereafter County) with a reservation to lay down and

maintain water pipes and connections in the county road Market Street. The District appeals from the judgment of the Court of Appeals which affirmed the trial court's order granting the County's motion to dismiss for failure to state a claim upon which relief can be granted. *North Spokane Irrigation Dist. 8 v. County of Spokane*, 13 Wn. App. 686, 537 P.2d 291 (1975).

We reverse.

In 1906, Colborn and Morgan's Acre Park Addition (hereafter Colborn Addition) to Spokane was platted and the streets therein dedicated to the public subject to a reservation to lay down and maintain water pipes in the dedicated streets. The reservation and dedication provided:

> And the said George M. Colborn and Lulu V. Colborn, his wife, and Dan'l Morgan and Jessie C. Morgan, his wife, do hereby dedicate to the public, as public highways, the streets and avenues as designated and marked upon said map. Reserving a right to lay down and maintain water pipes and connections therewith in all streets and avenues hereby dedicated to the public.

The county accepted this qualified street dedication and gave its approval to the Colborn Addition plat.

The north portion of Market Street, which is the subject of this cause of action, lies within the platted property.

In 1907, an agreement was entered into between the dedicators and Colborn and Morgan's Acre Park Water Company, a company owned and organized by the dedicators, whereby the latter agreed to supply water for domestic, lawn, and irrigation purposes to the dedicators, their successors and assigns. In connection therewith, the water company installed a well and a pump and laid its pipes in the platted streets of Colborn Addition.

In 1913, the Market Street right-of-way was incorporated into the county road system by resolution of the county commissioners. Sometime in 1918, Market Street became a state highway route; however, the right-of-way reverted to the county in 1936, and Market Street has remained within the county road system since.

In 1922, the District organized and acquired title to all assets of Colborn and Morgan's Acre Park Water Company, including all rights-of-way, franchises, and easements owned by its predecessor. The District is presently still supplying water for various purposes to the residents of Colborn Addition. At no time has the County issued a franchise to the District or its predecessor to operate and maintain the water pipes under Market Street.

In 1968, the County adopted, by resolution, an improvement program to upgrade and widen Market Street. The County scheduled the project to widen Market Street to commence in April 1971 but, because it had not completed the purchase of all rights-of-way required for the widening of the street, it was unable to commence the project until April 1972.

The District was notified in July 1971 of the pending construction which would necessitate the relocating of some of its pipes, hydrants, and valves to prevent damage to them by vehicular traffic. At this time there was no demand by the defendant that the District commence work on the relocation of its water distribution system. However, the District opened bids for this work in August 1971, receiving a low bid of $17,438.60. In March 1972, the District received a letter from the county engineer stating that it hoped to have the improvement project under construction by April 1972. In the meantime, the initial bid lapsed and in April 1972 the District reopened bids obtaining a low bid of $25,657.65.

After the relocation work was completed, the District demanded reimbursement from the County for costs incurred. The County refused and the District commenced this action for the entire cost of relocation, or in the alternative, for the difference between the 1971 low bid and the 1972 low bid, i.e., $8,219.05.

The District contends that a reservation of a right to lay down and maintain water pipes in streets dedicated to the public is a reasonable condition to impose upon such a public dedication of property. The general rule in Wash-

ington, as well as every other jurisdiction which has considered the issue, is that a dedicator may place reasonable conditions or restrictions upon a dedication of property to public purposes. *Giles v. Olympia,* 115 Wash. 428, 197 P. 631, 16 A.L.R. 493 (1921). *See* 1A Antieau, *Municipal Corporation Law* § 9.10 (1974); 11 E. McQuillin, *Municipal Corporations* § 33.10 (3d ed. rev. 1964). The donee, by accepting the dedication, agrees to the conditions or restrictions placed thereon. The donee cannot, however, assent to conditions which will deprive the municipality of its power to regulate and control the public streets. *Neagle v. Tacoma,* 127 Wash. 528, 221 P. 588 (1923). When the dedicator attempts to attach a condition to the dedication which will circumscribe the freedom of action of the authorities to devote the street to needs of the public, the condition is void, as against public policy.

The trial court and the Court of Appeals felt constrained by prior case law to hold, as a matter of law, that such a reservation is void as against public policy. *State ex rel. Grinsfelder v. Spokane St. Ry.,* 19 Wash. 518, 53 P. 719 (1898); *Bradley v. Spokane & I.E. R.R.,* 79 Wash. 455, 140 P. 688 (1914). We find, upon reviewing these cases, that such a holding is not required.

In *State ex rel. Grinsfelder v. Spokane St. Ry., supra,* the court, in the final sentences of its opinion stated at page 532: "If any condition is annexed to such dedication, the condition falls, but the grant stands." The condition referred to was a reservation for the "exclusive right to lay street railways along the streets." The issue before the court, however, was not the validity of dedication and reservation, but whether or not the railway company could be compelled to continue operation of its lines through a platted addition to the city. The court's conclusory statement is clearly dictum; moreover, the statement represents a misstatement of the general rule as set out in *Giles v. Olympia, supra.*

In finding the reservation unreasonable and void as against public policy, the Court of Appeals placed its prin-

cipal reliance upon *Bradley v. Spokane & I.E. R.R., supra.* That case involved an action by the dedicator to recover possession of an undivided one-half interest of a dedicated street which the municipality had vacated. Plaintiff asserted superior title to the vacated portion of the roadway by reason of a reservation in the original plat.

"The streets and alleys as on said map named and indicated we do dedicate to the public, to be used as highways, reserving and excepting always from said dedication, to ourselves, our heirs and assigns, the rights in said streets and alleys to lay down and make use of for all lawful purposes, water and gas pipes, and electric wires, and to erect poles for said purpose, and to construct, and operate in said street and alleys, cable and motor railways, excepting also from said dedication of streets and alleys the fee of the lands therein contained to such extent as that should the same or any part thereof be vacated by proper authority, the part or parts vacated shall revert to ourselves, our heirs and assigns.

*Bradley v. Spokane & I.E. R.R., supra* at 456.

The dedicator had passed fee title to the lots abutting the dedicated street to defendants. It was plaintiff's contention that the warranty deeds passing title thereto did not pass title to the middle of the road because of the reservation in the original dedication. Judgment was for defendants. The court reasoned that it had not been the dedicator's intent to sever title to the streets by the reservation. The court further concluded that even if a contrary intent could be found, it would be held to have been abandoned where, under the facts, the dedicator sold all the property by warranty deeds without reservation or exception, and had made no claim to the property for 25 years. By way of dictum, the court went on to say:

The reservation in the dedication to general municipal purposes, such as the laying of "water and gas pipes and electric wires, and to erect poles for such purpose, and to construct and operate in such streets and alleys cable and motor railways," would be so repugnant to the character of these streets and alleys as public ways by seeking to take away from the city the power to exercise control

over these streets, as to contravene a sound public policy, and for this reason we think it must be held absolutely void.

*Bradley v. Spokane & I.E. R.R., supra* at 461. Such language was clearly unnecessary and had no direct bearing on the court's resolution of the issue. The court was not being asked to determine whether the reservation unreasonably interfered with the municipality's use and control of the streets. It is precisely this issue, however, which we must address for the first time in this appeal.

The County contends that recognition of the District's reservation will unreasonably restrict their use and control of the streets.[1] The County fails, however, to demonstrate or articulate the manner in which the reservation deprives them of their use, control, and regulatory powers over the streets. Absent any contrary showing, we cannot perceive how, under the facts presented, the reservation interferes with the County's rights and duties. The street right-of-way remains available for its prime use and purpose as a street. A different question would exist if the District's reserved use made it impossible to use and maintain the streets.

When the County accepted the qualified dedication of the District's predecessor, it became bound thereby. The reservation was not unreasonable at the time of the dedication, nor has it become unreasonable through the passage of time. The District provides a necessary public service in supplying water to the residents within the platted Colborn

---

[1] The municipality's powers are enumerated in RCW 36.32.120(2) and the state constitution as follows:

"The legislative authorities of the several counties shall:

". . .

"(2) Lay out, discontinue, or alter county roads and highways within their respective counties, and do all other necessary acts relating thereto according to law, except within cities and towns which have jurisdiction over the roads within their limits;" RCW 36.32.120(2).

"Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws." Const. art. 11, § 11.

Addition. In *Gwin v. Greenwood*, 150 Miss. 656, 670-71, 115 So. 890, 58 A.L.R. 849 (1928), the court stated:

It appears to us that in laying out a subdivision of land in a rural section into streets, lots, avenues, and alleys, no right is vested either in the public or those who buy such lands, contrary to the reservation made in the dedication. It is highly desirable, if not necessary, in such cases, to have such utilities as water, light, sewerage, telephones, and telegraph facilities, and we see no objection to the owner of the land, in laying same off in such addition, reserving to himself the sole right to control such utilities.

Directly in point is *Wofford Heights Associates v. County of Kern*, 219 Cal. App. 2d 34, 32 Cal. Rptr. 870 (1963). In that case, the dedicators reserved the right to install and maintain water pipes under the streets dedicated to the county. Some years later, the county decided to widen the streets wherein plaintiffs had laid their pipelines. The road project necessitated plaintiff to relocate its water pipes in order to maintain their continued operation. The county denied any liability for the cost of relocating the pipes, forcing plaintiff to file suit. The court found the reservation to be reasonable and held that the taking or damaging of an easement by a public body requires the payment of just compensation. In reaching this conclusion, the court stated at pages 39-41:

[W]e have in mind that the defendant [Kern County] never owned the easement, but that it was originally part of the total property of the Woffords and being reserved by them, it continued to be their portion of the original property which they retained when they granted the right to the county to maintain Wofford Boulevard. The status of the reservation of an easement or similar right by one dedicating land to a county has clear recognition in California law; a dedication need not be unqualified, total and unconditional.

. . .

When Kern County accepted the qualified conveyance the plaintiffs' predecessors retained the right to use the subsurface for pipes and pipelines, including, as we have pointed out, water pipes and water pipelines.

Similar reservations were found reasonable in *Bradley v. New York Cent. R.R.*, 296 Ill. 383, 129 N.E. 744 (1921); *Jacksonville v. Shaffer*, 107 Fla. 367, 144 So. 888 (1932); and *Canda Realty Co. v. Carteret*, 136 N.J. Eq. 550, 42 A.2d 859 (1945). In finding the reservation in this case reasonable, we are not unmindful of the fact that there is not complete agreement among all jurisdictions which have considered the issue. *See* 1A Antieau, *Municipal Corporation Law* § 9.10 (1974). We choose, however, to align ourselves with those jurisdictions which recognize that a reservation for the installation and operation of municipal utilities is not, as a matter of law, unreasonable.

 The effect of the County's acceptance of the dedication is that a property interest, in the form of an easement, was created in the District's predecessor. Article 1, section 16 (amendment 9) of our constitution is directly applicable:

> No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner . . .

The taking and/or damaging of an easement by a public body requires the payment of just compensation. *Great Northern Ry. v. State*, 102 Wash. 348, 173 P. 40 (1918); *State v. Kodama*, 4 Wn. App. 676, 483 P.2d 857 (1971).

The District's first cause of action does state a claim upon which relief can be granted. To dismiss it was error. The District has not sought review of the Court of Appeals resolution of the District's alternate claim for relief.

The judgment is reversed and the action is remanded for trial on the issue of damages.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and HOROWITZ, JJ., concur.