[No. 4082. Decided July 5, 1902.]

FERDINAND SCHWEDE, *Appellant,* v. HEMRICH BROTHERS BREWING COMPANY, *Respondent.*

MUNICIPAL CORPORATIONS — CONSTRUCTION OF RAILWAY IN STREET — RIGHTS OF ABUTTING OWNER — INJUNCTION.

The owner of a lot abutting upon a public street, irrespective of the question whether the fee of the street is in the city or the abutting owners, has such a special interest therein as to entitle him to maintain injunction against the unlawful construction of a railway in the street.

SAME — TITLE TO STREETS — EFFECT OF DEDICATION.

The public control of streets and highways in this state does not amount to an ownership of the fee, under Bal Code, §§ 1264-1276, which declare the effect and purpose of dedication by city plats.

SAME — ILLEGALITY OF PERMIT TO USE STREET.

A permit by the board of public works to use a public street for the purpose of constructing a railway track would confer no right to so use the street, nor afford a basis for the condemnation thereof, since the power of granting franchises for such purposes is reposed in the city council under a delegation of legislative functions to cities.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Reversed.

*H. E. Foster,* for appellant.

*Preston, Carr & Gilman,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Plaintiff is the owner of two lots in block 6, Judkins' Addition to Seattle, which abut on Eighth avenue South. Defendant owns five lots in blocks 7 and 8, abutting on the same street, upon which it is constructing and intends to operate a brewery, and, for the purpose of furnishing supplies to the brewery and shipping

products therefrom, is about to grade and excavate the street, construct a railroad thereon, and lay a track up and against the front of plaintiff's lots. He alleges that his access to his home will be interrupted, that an additional burden will be placed upon the street, and that his property will be diminished in value by the construction of the railroad, and prays for a perpetual injunction against the operations of defendant having in view the construction and operation of the railroad. The answer denies generally the allegations of the complaint, except that defendant is erecting and intends to operate a brewery upon its said premises, and that it is constructing a railway or switch in Eighth avenue South for the purpose of transporting supplies to and products from its brewery. For affirmative defense, defendant sets up that the Columbia & Puget Sound Railway Company is a railroad corporation duly organized by law, and engaged in operating a railroad in this state; that said railroad has a right of way through said Eighth avenue South and in front of plaintiff's lots, and is continuously and daily operating trains over its own tracks; and the track projected, when constructed by defendant, will be a part of the system of said railroad, and a spur running to the brewery; and, for further defense, that said street was platted and dedicated as a public street, that the fee thereof is vested in the city, and that defendant is constructing its railway under the control and by the authority of the city.

1.    No bill of exceptions or statement of facts has been certified in the case. A demurrer was interposed by plaintiff to the affirmative defenses of the answer, which was overruled, and the case was tried. The superior court made the following findings of fact:

"1.    That the plaintiff herein is, and for many years prior to the commencement of this action was, the owner

and seized in fee simple of lot numbered 5, block 6, Judkins' Addition to the city of Seattle, Washington, and the same is, and for many years last past has been, plaintiff's home and residence. That the defendant is the owner and seized in fee simple of lots numbered 5, 6, 7 and 8 in block 7 and lot 8 in block 8, in said addition to said city. That the premises of the said plaintiff and those of the defendant abut upon Eighth avenue South in the city of Seattle, which said Eighth avenue South is one of the public streets of said city.

"2.    That on or about the 20th day of March, 1901, the defendant commenced the construction and excavation for the purpose of building a railroad or switch in front of plaintiff's said premises; that about said time and immediately prior to the commencement of this action the said defendant constructed and made an excavation in front of said premises from one to about three feet in depth and about twelve feet in width; that in so doing said excavation overreached plaintiff's premises about one and one-half feet at the top of the excavation and about eight inches at the bottom thereof on the south half of his lot.

"3.    That it was and is the intention of said defendant in the making of said excavation to prepare a road or bed upon which to lay the railroad track or switch connecting its own premises, on which it was constructing a brewery, with the track of the Columbia & Puget Sound Railroad Company; and it was and is the intention of said defendant to construct said track wholly in said Eighth avenue South, a public street of the city of Seattle; and it never was and is not now the intention of the defendant to in any way encroach upon the property of the plaintiff or any part thereof; and the act of said defendant in overreaching plaintiff's property was by mistake and unintentional on its part. That said excavation was made without the consent and against the will of the plaintiff. That about the time of the commencement of said excavation said defendant obtained from the board of public works of the city of Seattle a permit in writing to construct a railroad or switch in and on Eighth avenue South and in front of plaintiff's premises for a period of three years

from the date of issuing of such permit. That said defendant never acquired any franchise from the city of Seattle for the right to use said street for said switch or railroad. That said Columbia & Puget Sound Railroad Company is maintaining and for a long time past has maintained a track upon said Eighth avenue South in front of plaintiff's premises, and has and does continuously operate trains on said road. That the excavation and proposed road intended to be built by the defendant lies east of the middle of said Eighth avenue South, and said spur or track being constructed by the defendant was intended to connect with said Columbia & Puget Sound Railroad and for the purpose of transporting products of the brewery being constructed by the defendant upon its property to said railway track of the Columbia & Puget Sound Railroad Company.

"4. That the construction of said switch or spur in Eighth avenue South, as intended by the defendant, would not affect the plaintiff differently from the general public, and the injury suffered by the plaintiff by reason of the construction of a railroad in Eighth avenue South, as intended by the defendant, would not be different in character from that which the general public would suffer.

"6. That that portion of Eighth avenue South upon which the premises described in these findings abut is in an addition to the city of Seattle known as Judkins' Addition; that the original proprietor of said Judkins' Addition, in platting the same, dedicated the streets and alleys therein, including said Eighth avenue South, to the public."

The injunction against the construction of the railway in the street was denied. The only errors properly assigned are the overruling of the demurrer to the affirmative defenses, and exception to the conclusions of law as flowing from the findings of facts. These may be considered together. It is apparent that the first conclusion of law, "that the fee of said Eighth avenue South is in the city of Seattle, and that the plaintiff has no right, title or interest therein," is erroneous. It is true there are some authorities

supporting it, but the better view seems to be that it is immaterial whether the city or the plaintiff owns the fee. Discussing this question, Elliott on Roads and Streets (2d ed.), § 697, concludes: "But, in any case, whether he owns the fee or not, we think he is entitled to compensation where the railroad deprives him of his right of access;" and the authorities cited fully support the text. This rule has been directly approved in this state. In *Hatch v. Tacoma, etc., R. R. Co.,* 6 Wash. 1 (32 Pac. 1063), it was declared:

"Even if it be admitted, for the purposes of the demurrer, that the fee of the street is in the city, as claimed by respondent, it does not follow that the appellants have not sustained direct and immediate damage by the building of the railroad in front of their premises. In any event, if the appellants' property has been damaged in a manner different from that of the public generally by the appropriation of the street for railroad purposes, they are entitled to compensation; and damages, to be recoverable, are not confined to the land itself, but may only affect that which is incident thereto, and necessary to the use thereof. The owner of a lot on a street in a city has a right to the use of the adjoining street which is distinct from that of the public, and such right is as much property as the lot itself (*Rude v. City of St. Louis,* 93 Mo. 408, 6 S. W. Rep. 257; *Burkam v. Ohio, etc., Ry. Co.,* 122 Ind. 344 (23 N. E. Rep. 799), and cannot be taken away or injuriously affected, without compensation." ·

In *State ex rel. Smith v. Superior Court,* 26 Wash. 278 (66 Pac. 385), it was observed:

"The right to the use and possession of a lot abutting on to a public street is property. The right to light and air and access is equally property. These are rights that are a part of the consideration when the property is purchased. Without this right cities would not be built, because they could not be maintained, and the modern authorities are uniform that these are rights which are guaranteed by

consitutional provisions similar to ours.  A very interesting and instructive case on this proposition is *Story v. New York Elevated R. R. Co.,* 90 N. Y. 124 (43 Am. Rep. 146), where the authorities are reviewed at length, and the conclusion reached that upon the purchase these rights become at once appurtenant to the lot, and form an integral part of the estate, and it makes no difference whether the streets were dedicated by the corporation or by individuals; citing *Barney v. Keokuk,* 94 U. S. 324, in support of that proposition, where it was held that there was no substantial difference between streets in which the legal title is in private individuals, and those in which it is in the public, as to the rights of the public therein."

See, also, *Kaufman v. Tacoma, Olympia, etc., R. R. Co.,* 11 Wash. 633 (40 Pac. 137).

But it is not accurate to designate the public control of streets and highways in this state as a fee.  The statutes declare the effect and purpose of the dedication, to the public, by a city plat such as the one in controversy here. Section 1264, Bal. Code, declares them public highways; and § 1266 puts them under control of the corporate authorities.  Sections 1269 and 1270 provide that, upon vacation of a street, it shall vest in equal proportions in the abutting lot owners; and § 1276 declares the effect of dedication.  But the case of *State ex rel. Grinsfelder v. Spokane Street Ry. Co.,* 19 Wash. 518 (53 Pac. 719, 41 L. R. A. 515, 67 Am. St. Rep. 739), is cited by counsel for respondent as sustaining ownership of the fee in the city. In that case it was urged by the defendant, an electric railway company, in answer to mandamus to compel its operation, that it had no city franchise through a platted addition, but only a license from the owner of the property platted.  The point the court had in view was the effect of a dedication by plat to the public, and it was held that the plat, when executed, was to the public; that is, if

conditions were attached to the dedication, the conditions, if inconsistent, fell, and the dedication was valid for the purposes intended.   Section 1276, *supra*, was mentioned, and the case of *City of Des Moines v. Hall*, 24 Iowa, 234, cited, as to the effect of the statutory dedication; and from the Iowa case was inadvertently drawn the remark which is cited, "In platted additions to a town, when streets are laid out thereon, the fee belongs to the public."   The Iowa Code of 1851, before that court in the case, contained § 637, which declared the effect of the acknowledgment of a town plat as follows:

"The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the land as is therein set apart for public use, or is dedicated to charitable, religious or educational purposes."

It is thus obvious that the Iowa case could not be in point upon the ownership of the fee, and was pertinent only upon the construction of a statutory dedication.   Thus, it may be observed that the fourth finding of fact, to the effect that the plaintiff is not affected differently from the general public, is rather a legal conclusion than fact, which evidently flows from an incorrect view of the effect of dedication under the statute, and cannot avail defendant here. The plaintiff, therefore, by reason of a special interest in the street, may maintain this action.

2.   The demurrer should have been sustained to the matter set up in the affirmative defense; *i. e.,* that defendant had authority from the city to put down said railway track.   The city could not authorize a private corporation to put a railway track for its own use upon a public street.   The answer discloses no right in the defendant to condemn for public uses.   But it further appears from the findings that defendant had no franchise from the city to use the street.   The granting of such franchise is a legis-

lative function delegated to the city, and reposed in the council, and can only be exercised in the form prescribed by law. The permit granted by the board of public works conferred no rights upon defendant. It thus appears that defendant's operations in the street were without color of right. Under the facts disclosed, the attempted railway track and its operation would be a public nuisance, and, as it has been observed, "the plaintiff is specially injured and may properly complain." For pertinent authorities in point here see *Younkin v. Milwaukee, etc., Traction Co.*, 112 Wis. 15 (87 N. W. 861), and *Mory v. Oley Valley Ry. Co.*, 199 Pa. St. 152 (48 Atl. 971).

The judgment is reversed, with instructions to the superior court to enter a decree granting a perpetual injunction against the construction or operation of the railway track described in the complaint.

ANDERS, HADLEY, FULLERTON, MOUNT, DUNBAR and WHITE, JJ., concur.