[No. 11525.  Department Two.  May 5, 1914.]

CYRUS BRADLEY, *Appellant*, v. SPOKANE AND INLAND EMPIRE RAILROAD COMPANY, *Respondent.*[1]

DEDICATION—PLATTED STREETS—TITLE TO STREETS—RESERVATION. The public has only an easement in streets and alleys dedicated in platted additions to a city, so that an express reservation of the fee in the streets is unnecessary.

SAME—PLATTED STREETS—RESERVATIONS. An express reservation to the dedicators, their heirs and assigns, of the fee of the lands contained in the streets, in a platted addition, does not show an intent to separate into two estates their title to the streets and their title to their lots, and such severance will not be presumed and would follow only from apt words in the chain of title; hence their warranty deeds, without reservation or exception, of lots in the plat, carried the fee to the center of the street.

SAME—RESERVATIONS—ABANDONMENT. An intent, by dedicators of a plat, to sever their fee in the streets from their fee in the property platted, by providing for the reversion of all streets to them in case they were ever vacated, must be held to have been abandoned, where they sold all of the property by warranty deeds without reservation or exception, and for more than twenty-five years made no claim, for the reason that it had slipped their minds.

SAME—RESERVATIONS—VALIDITY—REPUGNANCY. A reservation, in the dedication of streets and alleys, in a platted addition, of the right to lay water and gas pipes and electric wires and erect poles and operate street railways, is so repugnant to the character of the streets as public ways as to contravene a sound public policy and be absolutely void.

MUNICIPAL CORPORATIONS—STREETS—VACATION—TITLE. Upon the vacation of streets and alleys in a plat, the fee to the streets vests in the owners of the abutting property, under Rem. & Bal. Code, § 7846.

Appeal from a judgment of the superior court for Spokane county, Huneke, J. entered May 28, 1913, upon findings in favor of the defendant, in an action in ejectment, tried to the court. Affirmed.

*W. H. Smiley*, for appellant.

*Graves, Kizer & Graves*, for respondent.

[1]Reported in 140 Pac. 688.

MORRIS, J.—In April, 1888, the appellant and G. B. Dennis, then owners of the property, platted an addition, known as Dennis & Bradley's addition to Spokane Falls. At the time of the filing of the plat, the lands embraced within this addition were without the city limits of Spokane, but for over twenty years they have been within the corporate limits of the city. The dedication plat was in the form of a deed, containing this language:

"The streets and alleys as on said map named and indicated we do dedicate to the public, to be used as highways, reserving and excepting always from said dedication, to ourselves, our heirs and assigns, the rights in said streets and alleys to lay down and make use of for all lawful purposes, water and gas pipes, and electric wires, and to erect poles for said purpose, and to construct, and operate in said street and alleys, cable and motor railways, excepting also from said dedication of streets and alleys the fee of the lands therein contained to such extent as that should the same or any part thereof be vacated by proper authority, the part or parts vacated shall revert to ourselves, our heirs and assigns. Nothing in this map or these presents is to be construed as a conveyance of or in any manner affecting the title of such parts of said land first described herein as are shown to be the Spokane river and the strips of land between said river and the platted lots and streets, we reserving said land and river as our private property as though these presents were not made, but we hereby dedicate to the public the right to build and maintain a bridge across the said river from the east end of Front street to Superior avenue, as the same is marked upon said map, and to use the bed of said river between said points to erect and maintain piers for such bridge."

Subsequently, the lots in this addition passed into the ownership of the respondent, all of the deeds in the chain of title from appellant to respondent being full warranty deeds without reservation or exception. In January, 1906, the city passed two ordinances vacating the streets and alleys in this addition, and respondent, as owner of the abutting lots, took possession of the vacated streets and alleys and has since so

remained in possession.    In August, 1912, the appellant brought this action in ejectment to recover possession of an undivided one-half interest in the portions of the streets and alleys so vacated, contending that he had never conveyed or assigned his right or title to the portions of the streets and alleys so vacated, and had never conveyed or assigned his right to possession of the same on their vacation, and that this right and title still remained in him under the reservation in the deed of dedication.    Judgment went against him in the lower court, and he has appealed.

The theory upon which appellant seeks a reversal is that, at the time of this dedication, it was the rule in this state that the ordinary statutory dedication passed the fee in the streets to the municipality, to be held in trust for public purposes and the abutting property owners on vacation; that the dedicators in this plat, having such rule in mind, desired to eliminate this plat from the operation of such rule, and with that purpose in view employed language expressing an intention that this dedication should pass the fee in the streets and alleys to the municipality for public purposes only until such time as there should be a vacation of the streets and alleys, and that upon such vacation the fee should remain in themselves.

It is probable that language may be found in one of the earlier cases that lends support to such a theory.    In *State ex rel. Grinsfelder v. Spokane St. R. Co.*, 19 Wash. 518, 53 Pac. 719, 67 Am. St. 739, 41 L. R. A. 515, the court used this language: "In platted additions to a town, when streets are laid out thereon, the fee belongs to the public."    In a subsequent case, *Schwede v. Hemrich Bros. Brewing Co.*, 29 Wash. 21, 69 Pac. 362, this expression in the *Grinsfelder* case was used as authority for the contention, then being made, that the ownership of the fee in public streets was in the city.    In disposing of this contention, it was said:

"But it is not accurate to designate the public control of streets and highways in this state as a fee.    The statutes de-

clare the effect and purpose of the dedication, to the public, by a city plat such as the one in controversy here. Section 1264, Bal. Code, declares them public highways; and § 1266 puts them under control of the corporate authorities. Sections 1269 and 1270 provide that, upon vacation of a street, it shall vest in equal proportions in the abutting lot owners; and § 1276 declares the effect of dedication. But the case of *State ex rel. Grinsfelder v. Spokane Street Ry. Co.*, 19 Wash. 518 (53 Pac. 719, 41 L. R. A. 515, 67 Am. St. Rep. 739), is cited by counsel for respondent as sustaining ownership of the fee in the city. In that case it was urged by the defendant, an electric railway company, in answer to mandamus to compel its operation, that it had no city franchise through a platted addition, but only a license from the owner of the property platted. The point the court had in view was the effect of a dedication by plat to the public, and it was held that the plat, when executed, was to the public; that is, if conditions were attached to the dedication, the conditions, if inconsistent, fell, and the dedication was valid for the purposes intended. Section 1276, *supra*, was mentioned, and the case of *City of Des Moines v. Hall*, 24 Iowa, 234, cited as to the effect of the statutory dedication; and from the Iowa case was inadvertently drawn the remark which is cited, 'In platted additions to a town, when streets are laid out thereon, the fee belongs to the public.' "

It is evident from this last decision that it was not intended to lay down the rule that the fee vested in the public. At all events, it has been made clear by our later decisions that it is now the settled rule of this state that the public has only an easement of use in a public street or highway, and that the fee rests in the owners of the abutting property. *Holm v. Montgomery*, 62 Wash. 398, 113 Pac. 1115, 34 L. R. A. (N. S.) 506.

It follows that, when Dennis and Bradley, by the language of their dedication, sought to reserve the fee in the streets and alleys to themselves while conveying only an easement or right of use to the public, they reserved no other or different right than would have followed without such words of exception, for the act of dedication no more divested them of

their title to that portion of the land included in the streets and alleys than it did to that portion included within the various lot and block boundaries. The title to the land included within the streets and alleys would only pass by grant, as title to the various lots would only pass by grant. So far as we are here concerned, it might be admitted that, as the original owners of the land possessing the fee both in the streets and abutting lots, Dennis and Bradley could have separated these two estates and treated them as separate and distinct parcels of land (*Hagen v. Bolcom Mills*, 74 Wash. 462, 133 Pac. 1000, 134 Pac. 1051), and maintained these two separate and distinct estates through all their conveyances of the abutting lots. But such a severance of title will not be presumed. It would follow only from apt words in the chain of title, and we do not think that the words of reservation employed in this dedication should be held to express other than what was evidently in the minds of the dedicators at the time the plat was dedicated—that such words were necessary in order to prevent the public from taking the fee in the streets because of the dedication.

What, then, became of this title? When these dedicators conveyed the various lots in this addition, they did so by warranty deeds without reservation or exception of any kind. In August, 1905, the appellant owned two lots and the undivided one-half interest in the river bed around the so-called peninsula formed by the bend of the Spokane river. He conveyed these lands to respondent by a deed of like character to those used in the prior conveyances to others. All of these conveyances were according to the plat, and it is our opinion that, when these conveyances were made without words of exception or reservation or any language expressing a contrary intention, they fell within the general rule that a conveyance of land abutting upon a public highway carries with it the fee to the center of the highway as part and parcel of the grant. No language is required to

express such an intent on the part of a grantor in whom the title to the lot and highway vests. It follows as an inference or presumption of law that, in selling the land abutting upon the highway, he intended to sell to the center line of the adjoining highway. *Rowe v. James*, 71 Wash. 267, 128 Pac. 539. While the intention to pass such a title is always presumed and requires no special words to create it, the contrary intention will never be presumed, and before it will be held that it was the intention of the grantor to withhold his interest in the highway after parting with his title to the adjoining land, such declaration of intent must clearly appear. *Gifford v. Horton*, 54 Wash. 595, 103 Pac. 988. Deeds may expressly exclude the streets, but unless they do, the implication is that the street is included. *Cox v. Freedley*, 33 Pa. St. 124, 75 Am. Dec. 584.

The only place where we can find any expression of the intent of these dedicators in passing title to the streets is in the deeds themselves, and these deeds are a unit in establishing the fact that it was never intended to separate the title to the land in the streets from the title to the land embraced within the abutting lots. If it should be said that the dedicators of this plat expressed their intention to sever the title to the streets by the words of exception or reservation used in the dedication, we think it is clear from the testimony and subsequent conduct of appellant (without referring to the conduct of Dennis) that, so far as one's acts indicate one's intent, he had abandoned such intent long prior to the bringing of this action. We find this, not only in the giving of warranty deeds to the different lots with covenants of full warranty which upon their face conveyed all that a deed to a lot bounded by a street would convey; but in 1905, when he sold all he then owned in this addition to respondent, knowing the land was being acquired for the purpose for which it is now used, knowing, also, that the railroad company was seeking to acquire his entire interest, and describing in his deed what was then apparently in the minds of all as repre-

senting his entire interest. Referring in his testimony to this last deed, he says that, at the time, he overlooked the rights reserved in the dedication; that for twenty-five years it had "absolutely slipped" his mind, and that it did not occur to him until a short time before bringing this action when he came across and read an old tracing of the plat of the addition. It seems to us his foregetfulness is more attributable to an intent to convey all his title to the purchasers of the lots, and that he thought he had done so until the language of this reservation suggested the possibility of a contrary holding. The reservation in the dedication to general municipal purposes, such as the laying of "water and gas pipes and electric wires, and to erect poles for such purpose, and to construct and operate in such streets and alleys cable and motor railways," would be so repugnant to the character of these streets and alleys as public ways by seeking to take away from the city the power to exercise control over these streets, as to contravene a sound public policy, and for this reason we think it must be held absolutely void. *State ex rel. Grinsfelder v. Spokane St. R. Co.*, 19 Wash. 518, 53 Pac. 719, 67 Am. St. 739, 41 L. R. A. 515; *Jones v. Carter*, 45 Tex. Civ. App. 450, 101 S. W. 514; *Noblesville v. Lake Erie & W. R. Co.* (Ind.), 29 N. E. 484; *Richards v. Cincinnati*, 31 Ohio St. 506; *Des Moines v. Hall*, 24 Iowa 234; 1 Elliott, Roads and Streets, § 163. When, therefore, the streets and alleys in this plat were vacated by the proper authority, the effect of such vacation was to vest the title to the land embraced within such streets and alleys in the owners of the abutting property, in legal proportions. Rem. & Bal. Code, § 7846 (P. C. 77 § 1013).

For these reasons, we hold, with the lower court, that appellant has no cause of action. The judgment is affirmed.

CROW, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.