[No. 16340.   Department Two.   October 1, 1921.]

L. G. GRAY et al., Respondents, v. CLAUDE C. RAMSAY et al., Appellants.[1]

EMINENT DOMAIN (62)—CONSTRUCTION IN HIGHWAY—ADDITIONAL SERVITUDE—DAMAGES—RIGHTS OF ABUTTING OWNERS. The construction of an open ditch ten feet in width along a public highway for the purpose of draining private property is an additional servitude for which the abutting owners are entitled to compensation, under art. 1, § 16, of the constitution prohibiting the taking or damaging of private property without first making just compensation.

ON REHEARING.

DRAINS (9)—PROCEEDINGS—DEFENSES—EFFECT OF INJUNCTION. A judgment enjoining a county from proceeding with the construction of a longitudinal drainage ditch along a highway on the ground that it would be an additional servitude necessitating condemnation does not preclude the county from proceeding to condemn a right of way for such ditch under the authority conferred by Laws 1921, ch. 160, § 3.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 18, 1920, in favor of the plaintiffs, in an action for an injunction, tried to the court.   Affirmed.

Fred C. Brown, Malcolm Douglas, Howard A. Hanson, and Bert C. Ross, for appellants.

C. H. Winders, Joseph C. Sherman, and Arthur E. Simon, for respondents.

MAIN, J.—The plaintiffs brought this action to restrain the defendants, as commissioners of King county, from proceeding with the organization of a drainage district, the plans of which contemplated an open ditch in the highway upon which the property of the plaintiffs abutted.   The trial court sustained the right to injunctive relief upon the ground that the

[1]Reported in 200 Pac. 1074; 204 Pac. 4.

commissioners had no right to construct in the highway a longitudinal ditch. From the judgment entered, the defendants appeal. By § 29, ch. 130, Laws of 1917, the right was given to construct drainage ditches and cross highways, and a provision was made for apportioning of the costs. There was no provision in this law for longitudinal ditches. After the case was tried and the appellants' opening and the respondents' answering briefs had been written, the legislature, at its 1921 session, in § 3, ch. 160, enacted

"That drainage ditches of any drainage improvement district heretofore or hereafter created, may be constructed and maintained along any public highway, street, alley or road within the limits of any drainage district."

The legislature, by that act, gives the right, so far as it had the power, to construct longitudinal ditches. The real question in the case is whether such a ditch as is here contemplated, when it is constructed, would be an additional burden or servitude upon the fee which, under the holdings of this court, is in the abutting property owner which is subject to an easement in the public. *Schwede v. Hemrich Bros. Brewing Co.,* 29 Wash. 21, 69 Pac. 362; *Gifford v. Horton,* 54 Wash. 595, 103 Pac. 988.

The ditch which the appellants proposed to construct was approximately nine miles in length, open and unguarded, with an average width of ten feet and an average depth of five feet. Approximately five miles of the ditch, as contemplated by the specifications, would be constructed longitudinally in roads and streets upon which the property of the respondents abutted. Under the constitution, art. 1, § 16, private property cannot be taken or damaged for public or private use without just compensation having been

first made. The purpose of the ditch was to drain lands the title to which was in private ownership. If the construction of such a ditch upon the highway constitutes an additional burden and servitude upon the fee owned by the respondents, then it could not be constructed without first having acquired the right to do so by condemnation or otherwise. The question as to when the construction of drains or ditches in a highway for the purpose of reclaiming private property constitutes an additional burden is one of some difficulty. In 1 Elliott, Roads and Streets, § 486, it is said:

"Suburban roads may be used for public drainage purposes, that is, for draining other public ways. Whether they could be used without additional compensation to the owner of the fee for the purpose of constructing drains for reclaiming private property is a question of no little difficulty, even if such drains are a public benefit. We are inclined to the opinion that such a use cannot be made of them without compensation, for the only purpose for which they were set apart is that of a highway for travel, while the whole interest and profit in the land remains in the owner of the fee, subject only to easement of the public. The use of a way for the purpose of constructing drains, for other than legitimate highway purposes, cannot, as we believe, be justly considered as included in the public use to which the suburban way was set apart."

In *Moore v. Gar Creek Drainage District*, 266 Ill. 399, 107 N. E. 642, the commissioner of highways was proposing to permit a drainage district to excavate a ditch and lay tile in a highway to drain lands not within the highway but which were in private ownership. The abutting property owner objected, claiming, among other things, that such a drain would constitute an additional burden upon his fee. Upon this question the supreme court of Illinois there said:

9—117 WASH.

"The laying of this tile in the public highway was an additional burden and servitude upon the fee. That the primary purpose of the improvement was not to benefit the highway but the adjoining lands is abundantly shown from the fact that benefits were assessed against the land of appellant for this improvement in the sum of $1,626.26."

In the *City of Houston v. Kleinecke,* 26 S. W. (Tex. Civ. App.) 250, the city constructed a canal or ditch in a street for the purpose of drainage, which, in effect, destroyed the street and deprived the abutting owners of access to their property. It was there held that such owners were entitled to damages because "the right to such compensation is secured by the constitution and cannot be taken away by the legislature."

Applying the doctrine of the authorities cited to the facts in the present case, it seems reasonably plain that the ditch proposed to be constructed would constitute an additional burden. It would carve out of the highway a zone of practically ten feet in width and cause that much of the highway to be devoted, not to the purposes for which it was created, but for the purpose of draining private property. It would seriously impede the ingress and egress of the abutting property owners. Under these facts it would hardly be doubted that the ditch would constitute an additional burden, and since it was not to be constructed for a street or highway purpose, the respondents had a right to prevent its construction until the damages which they would sustain thereby had been ascertained as required by the constitution. The appellants' authorities and argument on this point proceed on the theory that the principles applicable to drains and sewers are similar, and that, therefore, since it is the rule that sewers constructed in streets or alleys do not constitute an additional burden, it follows that an

open ditch upon a highway would not constitute an increased servitude. The analogy between the sewers and the open ditch is not sufficiently close to make the law applicable to the former controlling in the latter. A sewer is a drain which is covered and conceals the passage of its contents; it does not interfere with the use of the street nor impede the ingress or egress of the abutting property owner. The open ditch as proposed to be constructed in this case would interfere with the ingress and egress. It is unnecessary in this case to go so far as did the Illinois court. Whether the placing of a drain tile in a highway constitutes an additional burden will remain an open question in this state so far as this opinion is concerned—we do not decide that question. We only hold that the ditch here proposed, if constructed, would subject the fee of the abutting property owner to a material additional burden and servitude.

The judgment will be affirmed.

PARKER, C. J., TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.

## ON REHEARING.

### [*En Banc.* January 24, 1922.]

PER CURIAM.—In a petition for rehearing in this case, we are requested to modify the judgment wherein it enjoins the commissioners from taking further steps looking to the organization of the drainage district under the plans adopted for the construction thereof. The modification is not necessary. The trial court restrained the commissioners on the theory that the statute as it then was permitted only cross ditches and did not permit longitudinal ditches in the highway. After the entry of the judgment, and prior to the time the cause was heard here on appeal, the legislature passed an act which permitted the construction of

longitudinal ditches. The judgment of the trial court was sustained upon the theory that the longitudinal ditch proposed would cast an additional burden· or servitude upon the abutting property and could not be constructed without first having condemned the right to do so. If the commissioners should proceed to organize the district for the purpose of condemning the right of way and thereafter constructing the ditch, it would be an unreasonable construction of the language of the judgment, read in the light of the opinion in this case, to hold that they were prohibited from going forward with the organization.

The petition for rehearing will be denied.