[No. 39807. Department One. September 25, 1969.]

THE RAINIER AVENUE CORPORATION, *Appellant*, v. THE CITY OF SEATTLE *et al.*, *Respondents.**

*Reported in 459 P.2d 40.

 

*John F. Raymond,* for appellant.

*A. L. Newbould* and *G. Grant Wilcox,* for respondent City of Seattle.

HAMILTON, J.—This is an action to quiet title to real property. It was tried to the court sitting without a jury. At the conclusion of plaintiff's evidence, the trial court granted a challenge to the sufficiency of its evidence. Plaintiff appeals, assigning error to the trial court's action.

In September, 1891, Frank D. Black and his wife, Kate, platted, as Columbia Supplemental No. 1, a large tract of land which they owned. It was outside but near the then corporate limits of the city of Seattle. The property involved in this action was included in the northerly portion of the plat. For reference purposes we have reproduced the following sketch.

The recorded plat, so far as relevant here, embraced dedications of land for public use, including Columbia Park, Park Drive (later named Edmunds Place), and a portion of Rainier Avenue. Rainier Avenue as platted (Rainier Ave. 1) followed a curving route through the plat as indicated by the dashed lines A-I and C-G. As originally laid out, Columbia Park consisted of the property identified by the heavily shaded border, including the triangular area in the northeast or upper right-hand corner of the sketch. However, in May, 1892, 8 months after the plat was recorded, King County vacated the triangular area of Columbia Park, exclusive of Rainier Avenue as then dedicated. The vacated area can be identified by referring to the heavily shaded dashed lines running between C-D-E-F-G-C on the drawing We will hereafter refer to this triangular area as "black-acre."

In 1912, the City of Seattle, having annexed the area of the original platting, initiated action on a plan to realign and straighten Rainier Avenue. This resulted in a condemnation judgment, in early 1914, covering the southwesterly portion of blackacre reflected on the sketch by the oblong area within the lines between C-D-F-G and back to C. Rainier Avenue was then relocated (Rainier Ave. 2) along the route represented on the drawing as the area between the solid lines B-H and D-F. The realignment project of Rainier Avenue was completed by vacation, in late 1914, of that portion of Rainier Avenue as originally platted embraced within the outline formed by the area shaded by long lines sloping southwesterly-northeasterly on the sketch, within the oblong A-B-H-I-A. It will be observed that Rainier Avenue as relocated retains a portion of Rainier as originally platted (B-C-G-H-B).

Matters rested until 1957, when the City of Seattle vacated Park Drive (Edmunds Place). The area thus vacated included both northerly forks of Park Drive.

The area in dispute is reflected on the sketch by that portion which is cross-hatched, and consists of the westerly portions of Rainier Avenue as platted and vacated and the northerly portion of the west fork of vacated Park Drive (Edmunds Place). For convenience we will hereafter refer to this property as "greenacre."

At this point we pause to observe that, in ruling upon the challenge to the sufficiency of plaintiff's evidence, the trial court did not weigh the evidence but, rather, elected to treat plaintiff's evidence as true in all respects and granted to such evidence all reasonable inferences arising therefrom. The scope of our review, therefore, is limited to the same extent. The ultimate issue thus presented is whether the evidence, when viewed in its most favorable light, establishes a prima facie case in support of plaintiff's claim of an identifiable interest in greenacre. *N. Fiorito Co. v. State,* 69 Wn.2d 616, 419 P.2d 586 (1966); *Schmidt v. Pioneer United Dairies,* 60 Wn.2d 271, 373 P.2d 764 (1962).

In the trial court, plaintiff advanced two theories in support of its claim to an interest in greenacre.

The first is conveniently termed by the parties as the "abutter theory," and springs from plaintiff's acquisition of such interest as ownership of blackacre obtained in greenacre by the vacation of the area forming greenacre. Although tersely argued in plaintiff's brief on appeal, this theory was abandoned by plaintiff in oral argument before this court. We accordingly need not discuss it.

The second, referred to by the parties as the "successor of the platters theory," is predicated upon plaintiff's acquisition of the dedicators' (the Blacks) interest in greenacre through a succession of conveyances. Plaintiff rests its claim under this theory upon the rule to the effect that a dedication of land to the public for use as a street gives the public only an easement for use for street purposes, with the dedicator and his successors in interest retaining the underlying fee. Therefore, plaintiff contends, when the portions of Rainier Avenue and Park Drive forming greenacre were vacated, greenacre reverted to the dedicators and their successors in interest.

In passing, we note that plaintiff's recitation of the underlying rule of law finds support in our cases. *Schwede v. Hemrich Bros. Brewing Co.*, 29 Wash. 21, 69 P. 362 (1902); *Bradley v. Spokane & Inland Empire R.R.*, 79 Wash. 455, 140 P. 688 (1914), *appeal dismissed*, 241 U.S. 639, 60 L. Ed. 1215, 36 S. Ct. 285 (1916); *Johnston v. Medina Improvement Club, Inc.*, 10 Wn.2d 44, 116 P.2d 272 (1941); *Finch v. Matthews*, 74 Wn.2d 161, 443 P.2d 833 (1968).

We turn then to the basis upon which the trial court concluded that plaintiff had failed to make a prima facie showing. Reference to the trial judge's oral decision reveals that the dismissal was predicated upon his belief that plaintiff had failed to establish a necessary link in its chain of title, particularly between the years of 1891 and 1916. Our examination of the record belies this belief.

The Blacks, it will be recalled, platted their property in 1891. Between 1891 and 1916, they conveyed some of the platted lots, including some abutting on Park Drive (Edmunds Place) to the south of greenacre. In 1916, a corpora-

tion was formed, Frank D. Black, Inc. The Blacks thereupon conveyed to the corporation all interests of any description in any real property which they then owned within the state. Later the corporation was dissolved and a liquidating trustee was appointed. In 1963, the trustee conveyed any interest of the corporation in greenacre to Philip P. Malone by quitclaim deed. Mr. Malone thereafter, in 1965, conveyed his interest to plaintiff.

To establish it was the Blacks' successor in interest, plaintiff called a title company representative. This witness was asked what pertinent instruments were in the chain of title relating to any interest in greenacre. He testified that the instruments which directly affected a transfer of any interest in greenacre were: (1) the original plat; (2) the 1916 deed from the Blacks to Frank D. Black, Inc.; (3) the resolution for dissolution of Frank D. Black, Inc., and the appointment of the liquidating trustee; (4) the street vacation documents; (5) the 1963 conveyance from the trustee to Mr. Malone; and (6) the conveyance from Mr. Malone to plaintiff. These instruments were either introduced into evidence or their existence was stipulated to.

A reasonable inference can fairly be drawn from the testimony of the foregoing witness, and the record as it now stands, that there were no other significant instruments of record which materially affected disposition of the Blacks' interest in the vacated streets forming greenacre. Therefore, when viewed in the favorable light required, the record supports plaintiff's contention that the chain of title is complete and that it is the successor to the Blacks' interest in greenacre such as that interest might be. More evidence than is before us now is necessary to reach the merits of respondent's countervailing arguments.

The order of dismissal is reversed and the cause is remanded for new trial. Costs will abide the new trial.

HUNTER, C. J., FINLEY, WEAVER, and McGOVERN, JJ., concur.