[No. 41632.   En Banc.   March 16, 1972.]

THE RAINIER AVENUE CORPORATION, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*

*A. L. Newbould, G. Grant Wilcox,* and *Donald H. Stout,* for appellant.

*John F. Raymond,* for respondent.

NEILL, J.—This is the second appeal in a quiet title action wherein plaintiff/respondent claims vacated portions of streets as successor in interest of the dedicators of a plat.

The first appeal was from a dismissal at the conclusion of the plaintiff's case. *Rainier Ave. Corp. v. Seattle,* 76 Wn.2d 800, 459 P.2d 40 (1969). We reversed and granted a new trial. At the second trial, judgment was entered quieting title to the subject property in the plaintiff. Defendant City of Seattle appeals.

The facts are detailed in the first appeal (*Rainier Ave. Corp. v. Seattle, supra*) and a brief summary will suffice for present purposes. In September, 1891, Frank D. Black and his wife, Kate, filed a plat of Columbia Supplemental No. 1, a subdivision in King County. The plat contained dedications for public uses, including Columbia Park, Park Drive (later named Edmunds Place), and a portion of Rainier Avenue. Rainier Avenue as platted followed a curving route through the subdivision. As originally platted, Columbia Park consisted of a substantial area traversed by Rainier Avenue and Park Drive (now Edmunds Place). A sketch of the portion of the original plat reproduced here illustrates the juxtaposition of the streets and park or parks which are here involved and the lettering designating the park area.

In May, 1892, King County vacated the triangular area of Columbia Park lying northeast of Rainer Avenue. In 1912,

the City of Seattle, having annexed the area, initiated a plan to realign and straighten Rainier Avenue. This resulted in condemnation of the southwesterly portion of the vacated part of Columbia Park and the vacation of a portion of Rainier Avenue as originally platted. Thus, present Rainier Avenue includes a portion of Rainier Avenue as originally platted.

In 1957, the City of Seattle vacated Park Drive (Edmunds Place). The area here in dispute consists of the vacated portions of Rainier Avenue and the northerly portion of the west fork of vacated Park Drive (Edmunds Place).

Plaintiff originally relied upon two theories, to wit: an

"abutter's rights" theory and a "successor in interest to the dedicator" theory. It abandoned the abutter theory at the first trial. On the first appeal we remanded the cause for a new trial on the plaintiff's theory that it has succeeded to the dedicators' title by reason of mesne conveyances. The issue thus presented to the trial court, and now before us, of necessity involves a determination of the quantum of title held by the dedicators following the filing of the plat.

Upon retrial, the trial court found the evidence introduced by the plaintiff established a complete chain of title from the dedicators to the plaintiff and held that the vacated streets reverted to the dedicators and their successors in interest.

On this appeal the city contends that, as trustee in behalf of the public, it holds a determinable fee to the Columbia Park property abutting the disputed area; and that the vacated streets attach to the abutting park property.

In support of this contention, the city argues that the dedicators failed to reserve the fee to the streets in the dedicatory language of the plat; therefore, nothing passed to the successors in interest of the Blacks by the mesne conveyances. We do not agree.

No language is required in the dedication of streets for public use to reserve the fee to the dedicators. *Bradley v. Spokane & Inland Empire R.R.*, 79 Wash. 455, 140 P. 688 (1914).

The city cites RCW 58.08.015 as authority for its contention that the park dedication granted a determinable fee to the city for the public use. The statute provides:

> Every donation or grant to the public, or to any individual or individuals, religious society or societies, or to any corporation or body politic, marked or noted as such on the plat of the town, or wherein such donation or grant may have been made, shall be considered, to all intents and purposes, as a quitclaim deed to the said donee or donees, grantee or grantees, for his, her or their use, for the purposes intended by the donor or donors, grantor or grantors, as aforesaid.

■ This statute does not purport to constitute a dedication as conveyance of a fee. The quitclaim deed referred to in the statute conveys only the interest intended by the donor or grantor. The statute does not alter the principle expressed in *Finch v. Matthews,* 74 Wn.2d 161, 167, 443 P.2d 833 (1968):

> Since *Burmeister v. Howard,* 1 Wash. Terr. 207 (1867), this court has not departed from the rule established in that case, that the fee in a public street or highway remains in the owner of the abutting land, and the public acquires only the right of passage, with powers and privileges necessarily implied in the grant of the easement. *Puget Sound Alumni of Kappa Sigma, Inc. v. Seattle,* 70 Wn.2d 222, 422 P.2d 799 (1967). This rule was applied specifically to a street dedicated to the public through the recording of a plat in *Schwede v. Hemrich Bros. Brewing Co.,* 29 Wash. 21, 69 Pac. 362 (1902).

We see no reason to adopt a different general rule as to dedications for park purposes. It follows that absent an intent to convey a fee, a dedication for public park purposes creates a public easement only. Nothing in this record shows such an intent; so we consider the city's title to the park area to be a public easement.

Even assuming, as was concluded by the trial court, that plaintiff is vested with the fee in the vacated streets, there remains the question of whether that fee is still encumbered by the easement created by the park dedication.

■ In construing a plat, the intention of the dedicator controls. This intention is to be deduced from the plat itself, where possible, as that furnishes the best evidence thereof. *Frye v. King County,* 151 Wash. 179, 275 P. 547, 62 A.L.R. 476 (1929). We further stated in *Frye* that, in construing a plat, we are not limited to consideration of words alone. Lines and designations appearing on the plat are also to be considered. *Cummins v. King County,* 72 Wn.2d 624, 434 P.2d 588 (1967). *Also see Mueller v. Seattle,* 167 Wash. 67, 8 P.2d 994 (1932). In this connection, it is to be noted that the plat designation of "Columbia Park" encompasses the dedicated streets.

It is also a salutary rule to resolve doubts against the dedicator, and within reasonable limits, to construe dedications so as to benefit the public rather than the dedicator. E. McQuillin, Municipal Corporations § 33.26 (3d rev. ed. 1964). *See Tsubota v. Gunkel,* 58 Wn.2d 586, 364 P.2d 549 (1961). *See also Schaller v. Florence,* 193 Minn. 604, 259 N.W. 529, 826 (1935).

The ultimate issue here is whether the dedicator intended to dedicate the park streets independently of the park or whether it was his intent—and better public policy —to recognize that the fee in the area covered by the vacated street is subject to two easements, a public easement for street purposes and a public easement for park purposes. Under such latter construction, a vacation of the street easement leaves the fee subject to the easement for park purposes. The street vacation merely removes that particular burden and leaves the park unencumbered by the street easement, but still in existence as a park.

In approaching the issue of the intent of the dedicator, we should be mindful of the observation made by John F. Dillon in his treatise Commentaries on the Law of Municipal Corporations § 1107 (5th ed. 1911):

> In closing our survey of this interesting title [Dedications] we may stop pausefully for a moment to note how impressively the doctrines of our jurisprudence concerning it illustrate their thorough and complete adaptation to the wants and exigencies of civilized society. To meet these, the ordinary rules of law relating to private rights have been modified and moulded by the public convenience and necessities. . . . It may, we think, truly be affirmed, that the doctrines of our law on this subject as fashioned and settled by judicial tribunals, though in many respects seemingly anomalous, are characterized by practical wisdom, and are beneficent in their operation. Rightfully applied they work no injustice to the supposed dedicator, since they draw the line with enlightened and considerate care between a just measure of his rights on the one hand and the rights of the public on the other.

Consideration should be given to the public interest in

open spaces, recreation and other benefits of parks in metropolitan areas.

Applying the aforesaid rules to the plat and dedication before us, we conclude that the dedicator intended a single public park, incidentally traversed by access streets. A contrary intent could easily have been expressed in the dedication and reflected in the plat. The fact that both streets and park areas were platted is not, per se, inconsistent with our conclusion. That fact could as well reflect an awareness of a then existing problem in that several courts had held that, absent inclusion of streets at the time of platting the area, creation of through streets would be impermissible as not within the purposes of land dedicated for parks. *See To What Uses May Park Property Be Devoted,* Annot., 18 A.L.R. 1246, 1248 (1922).

In other ways, the plat and dedication indicate that the dedicator's intent was as we have concluded. The dedication speaks of a singular park, not three separate parks; and the plat designation of "Columbia Park" includes the entire area, traversed by the dedicated streets. We think it reasonable to resolve any doubts on this point, and under these circumstances, against the dedicator. The strong public interest in the maintenance of parks and open spaces in urban areas is thereby served, with no demonstrable harm to the dedicator's intent.

It follows that plaintiff's fee in the former street areas remains subject to the unabandoned and unvacated easement for park purposes which the City of Seattle holds for the benefit of the public.

Reversed and remanded.

HAMILTON, C.J., FINLEY, HALE, and WRIGHT, JJ., and RYAN, J. Pro Tem., concur.

HUNTER, J. (dissenting)—I dissent. The majority, in order to attain a desired result for the public benefit, has evolved a theory that was not considered by the trial court; that was not conceived or considered by any of the parties

to the action, and is wholly without any support of authority.

The majority admits the theory upon which the trial court decided this case is correct in that the fee to the public street is in the successor in interest to the original fee owner, the dedicator of the plat. The majority holds, however, that the trial court did not go far enough in that it should have held a public easement for park purposes was in the public streets adjoining Columbia Park, which was lying dormant until the superimposed public easement for a street had been vacated. This theory was adopted without any language whatsoever for its support in the dedicatory language of the plat.

The rationale of the majority is simply that the existence of an underlying public use for park purposes in the public streets must have been intended by the plattors since the streets are running through the area in the plat designated as Columbia Park.

This is a non sequitur. The streets were carved out of the area designated as Columbia Park and their use was specifically enumerated in the dedicatory language of the plat:

> Know all Men by these presents: That we Frank D. Black and Kate H. Black, his wife, owners of the above described tract of land, being the E. ½ of N.W. ¼ of N.W. ¼ of Sect. 22 and the S.W. ¼ of N.W. ¼ of same Sect. 22 being in Twp. 24 N. Rg. 4 E.W.M. herein platted as "Columbia Supplemental No. 1 hereby declare this plat and hereby dedicate to the use of the public forever all streets, alleys, avenues, driveways, highways, public places and Columbia Park herein laid out on said plat, *except as herein reserved.* The said F. D. Black and wife especially reserves to itself, its successors and assigns all rights and privileges upon said streets, alleys, avenues, driveways, highways and public places to lay down maintain and operate railroads, street railroads, motorlines, electric lines, water pipes, gas pipes, telephone lines, telegraph lines, electric light lines and all electric wires *and all other rights,* franchises and privileges, save and except the right of the public to use said streets, alleys, avenues, driveways, highways and public places for foot passage, for horses and other animals, and for

wagons, carriages, carts, buggies and other vehicles, save and except railway motor or electric lines or other tram way conveyances. It being the intent and purpose of this dedication to reserve all rights of public or quasi public franchise not herein expressly granted.

(Italics mine.)

There is no provision whatsoever for the use of the streets in any manner for park purposes, or any proviso by implication or otherwise that an underlying dormant easement for park purposes existed in the streets in Columbia Park to become activated into life in the event of the streets' vacation.

Rights to an interest in land can pass only by grant. In *Bradley v. Spokane & Inland Empire R.R.*, 79 Wash. 455, 140 P. 688 (1914), we said:

The title to the land included within the streets and alleys would only pass by grant, as title to the various lots would only pass by grant.

There is no semblance of a grant of an underlying easement for park purposes to the city. The law is well settled as to the resulting right of ownership upon vacation of a street. The established rule in this state was announced in the recent case of *Finch v. Matthews*, 74 Wn.2d 161, 167, 443 P.2d 833 (1968), cited by the majority. We there stated:

Since *Burmeister v. Howard*, 1 Wash. Terr. 207 (1867), this court has not departed from the rule established in that case, that the fee in a public street or highway remains in the owner of the abutting land, and the public acquires only the right of passage, with powers and privileges necessarily implied in the grant of the easement. *Puget Sound Alumni of Kappa Sigma, Inc. v. Seattle*, 70 Wn.2d 222, 422 P.2d 799 (1967). This rule was applied specifically to a street dedicated to the public through the recording of a plat in *Schwede v. Hemrich Bros. Brewing Co.*, 29 Wash. 21, 69 Pac. 362 (1902).

*Rowe v. James*, 71 Wash. 267, 128 P. 539 (1912); *Bradley v. Spokane & Inland Empire R.R.*, supra; *Johnston v. Medina Improvement Club*, 10 Wn.2d 44, 116 P.2d 272 (1941).

In *Johnston v. Medina Improvement Club, supra,* we said, at page 56:

By the weight of authority, where property dedicated to the public is abandoned or relinquished, the public's rights are terminated and the land by operation of law reverts to the dedicator.

*See* 11 E. McQuillin, Municipal Corporations § 33.66 (3d rev. ed. 1964) at 807.

The defendant city is not the owner of the fee to Columbia Park abutting the vacated streets and cannot therefore claim its ownership as an abutting owner. There being no provision in the plat for an easement in the street for park purposes, the land area of the streets upon vacation reverted to the abutting fee owner, the plaintiff in this case.

The defendant has made other contentions which need not be discussed in view of the disposition of this case made by the majority. In any event they are, in my opinion, without merit.

I agree with the majority that it is for the public benefit that the City of Seattle have the right to use the vacated streets for park purposes; however, this objective should be accomplished by legislation as a required condition in the filing of a plat. In the instant case the city has the right of condemnation which can be exercised.

I feel the majority has not only violated a basic rule of this court in reversing a judgment upon a theory that was not raised in the trial court, but has also been extremely unfair to the plaintiff in denying it the right to present its views as to the theory upon which this case has been decided against it. The action of the majority, in denying the plaintiff this opportunity is tantamount to the taking of property without due process of law.

I would affirm the trial judge.

ROSELLINI, J., concurs with HUNTER, J.

Petition for rehearing denied June 5, 1972.