[No. 7107-0-II.   Division Two.   May 29, 1986.]

WILLIAM M. DONALD, *Appellant,* v. THE CITY OF VANCOUVER, ET AL, *Respondents.*

*Charles H. Buckley, Jr.,* for appellant.

*Donald A. Greig* and *McClaskey, Greig, Troutwine & Stoker,* for respondents.

REED, A.C.J.—William M. Donald appeals a summary judgment for the City of Vancouver, the Thunderbird Corporation, and a partnership that controlled Thunderbird. The trial court dismissed Donald's action to obtain a declaration that a conveyance of public land from the City to the other defendants was illegal, and quieted title to the land in the grantees. The only issue before us is whether the defendants were entitled to summary judgment as a matter of law on any basis within the record considered by the trial court. We conclude that they were, and affirm the trial court.

On April 21, 1924, Anna R. Leverich conveyed land to the defendant City of Vancouver:

> The grantor, Anna R. Leverich, . . . in consideration of the affection which she has for the City . . ., does by these presents give, grant and convey unto the City of Vancouver . . . all of the following described real property . . . erty . . .

[description]

To have and to hold unto the said City of Vancouver forever, but subject to the following conditions subsequent:

1. The said property shall be used forever for a public park and playground and for public festivals, fetes, pageants and celebrations and other similar uses.

2. The said property shall be known by the name of "Leverich Park".

3. The grantor shall, on or before the 15th day of January, 1925, be paid the sum of Five Hundred ($500.00) Dollars and a like sum on the 15th day of January of each succeeding calendar year during the term of her natural life.

Respondents Edward H. Pietz and Tod E. McClaskey were partners who controlled Thunderbird/Red Lion Motor Inns, the headquarters of which was on property adjacent to Leverich Park. In return for the conveyance of a small strip of parkland, which the corporation would add to its headquarters property, Thunderbird/Red Lion agreed in 1981 to undertake improvements to the park. The city council approved the conveyance and the mayor executed a quitclaim deed to Pietz and McClaskey.

William M. Donald, who was a resident of Vancouver, learned of the land transfer proposal at a city council meeting on October 5, 1981, and during the following year he criticized some irregularities, such as a mistaken transfer of a second parcel of parkland. On October 19, 1982, Donald brought a declaratory judgment action against Vancouver, Pietz, McClaskey, and Thunderbird to have the conveyances declared illegal.[1] The grantee–defendants counterclaimed to quiet title. They then moved for summary judgment, supporting the motion with affidavits of the city attorney and an officer of Thunderbird Corporation who had been involved in the negotiations. Donald

---

[1]On October 25, 1982, a deed reforming the earlier conveyance, to describe only the single parcel of land sought by Thunderbird, was signed by the mayor, with the assent of the city attorney and counsel for Pietz and McClaskey. Donald's complaint against the first, and intended, conveyance remained.

opposed, furnishing his own affidavit.

The trial court granted summary judgment to the defendants. The court proceeded to make findings of fact and conclusions of law, even though it was ruling on a motion for summary judgment. It dismissed Donald's complaints in their entirety and quieted title in the parcel in Pietz and McClaskey. Donald now appeals.

In reviewing a summary judgment, this court makes the same inquiry as did the trial court. The pleadings, affidavits, depositions and admissions of record must demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. All facts are considered, and all reasonable inferences are made, in the light most favorable to the nonmoving party. Summary judgment is appropriate only if reasonable persons could reach but one conclusion. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Findings of fact and conclusions of law are not necessary on summary judgment, CR 52(a)(5)(B), and, if made, are superfluous and will not be considered by the appellate court. *Duckworth v. Bonney Lk.,* 91 Wn.2d 19, 21–22, 586 P.2d 860 (1978); *Dodd v. Gregory,* 34 Wn. App. 638, 641, 663 P.2d 161, *review denied,* 100 Wn.2d 1007 (1983).[2]

Even though the facts, and all reasonable inferences therefrom, are considered in the light most favorable to Donald, the construction of deeds is generally a matter of law for the court, *Thomas v. Nelson,* 35 Wn. App. 868, 871, 670 P.2d 682 (1983), and we interpret the deed in light of well established principles of the law of real property. The issue is whether Vancouver had a legal right under the

---

[2]Because this is the case, the parties' concern with the findings and conclusions was wasted. However, we note that the defendants' attempt to defend the conclusion that Donald was not entitled to seek declaratory relief because he could have sought equivalent relief through a writ of review is not well taken. Such doctrine was overruled long ago: "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." CR 57. *See also Ronken v. Board of Cy. Comm'rs,* 89 Wn.2d 304, 310, 572 P.2d 1 (1977).

Leverich deed to dispose of any of the land comprising Leverich Park.

> An estate in fee simple subject to a condition subsequent is created by any limitation which, in an otherwise effective conveyance of land,
> (a) creates an estate in fee simple; and
> (b) provides that upon the occurrence of a stated event the conveyor or his successor in interest shall have the power to terminate the estate so created.

Restatement of Property § 45 (1936); *accord, Metropolitan Park Dist. v. Rigney,* 65 Wn.2d 788, 790–91, 399 P.2d 516 (1965).

> The term "condition subsequent" denotes that part of the language of a conveyance, by virtue of which upon the occurrence of a stated event the conveyor, or his successor in interest, has the power to terminate the interest which has been created subject to the condition subsequent, but which will continue until this power is exercised.

Restatement of Property § 24 (1936).

> Except when the attempted condition is illegal . . . an estate in fee simple subject to a condition subsequent is created by an otherwise effective conveyance which contains
> 1. some one of the following phrases, namely, "upon express condition that," or "upon condition that," or "provided that," or a phrase of like import . . .

Restatement of Property § 45, comment *j* (1936).

Our purpose in construing the Leverich deed is to ascertain the intent of the parties, especially that of the grantor, and in doing so to give meaning to every word, if that is reasonably possible. *Gold Bar v. Gold Bar Lumber Co.,* 109 Wash. 391, 393–94, 186 P. 896 (1920). Here, Leverich conveyed subject to three specific "conditions subsequent." The only language that might have been employed to more specifically define a fee simple subject to condition subsequent might have been language stating that a right of reentry remained in the grantor and her heirs. *See* Restatement of Property § 45, comment *j* (1936).

If Leverich did indeed convey a fee simple subject to

condition subsequent, a suit to enforce those conditions may be pursued only by Mrs. Leverich, or her heirs or assigns. As Donald does not claim through Mrs. Leverich, he has no standing. "[A] person whose only interest in a legal controversy is one shared with citizens in general has no standing to invoke the power of the courts to resolve the dispute." *Casebere v. Clark Cy. Civil Serv. Comm'n,* 21 Wn. App. 73, 76, 584 P.2d 416 (1978); *see also Kirk v. Pierce Cy. Fire Protect. Dist. 21,* 95 Wn.2d 769, 772, 630 P.2d 930 (1981).

Donald therefore argues that the conveyance was a dedication and not of a fee simple defeasible.

> [A] dedication is generally defined as the devotion of property to a public use by an unequivocal act of the owner, manifesting an intention that it shall be accepted and used presently or in the future. The intention of the owner to dedicate and acceptance thereof by the public are the essential elements of a complete dedication.

(Footnote omitted.) 11 E. McQuillin, *Municipal Corporations* § 33.02, at 636 (3d ed. 1983); *cf.* RCW 58.17.020(3) (definition for purposes of statutory dedication). Dedication may be accomplished pursuant to a statutory scheme (RCW 58.17) designed for the dedication of publicly used streets and other areas within a real estate development. However, a dedication, such as that which Donald asserts, may exist at common law. *See* McQuillin, § 33.03, at 640. "An implied common law dedication arises from some act or course of conduct from which the law will imply an intention on the part of the owner of the property to dedicate it to the public use." *Roundtree v. Hutchinson,* 57 Wash. 414, 415–16, 107 P. 345 (1910).

Normally, the fee of dedicated property remains in the dedicator, and even when a park is so dedicated, the public gains only an easement. *Rainier Ave. Corp. v. Seattle,* 80 Wn.2d 362, 366, 494 P.2d 996, *cert. denied,* 409 U.S. 983, 34 L. Ed. 2d 247, 93 S. Ct. 321 (1972). *See generally* Annot., *Nature of Estate Conveyed by Deed for Park or Playground Purposes,* 15 A.L.R.2d 975 (1951).

If Donald were correct, he might, in theory, have standing to dispute this conveyance. First, if parkland is subject to a dedication, as Donald correctly points out, any diversion from the dedicated purpose is illegal.

> It is doubtless the law that, where a person dedicates or donates to a city a tract of land, with a restriction upon its use—as for instance, where it is so dedicated or donated solely for a park or a public street—the city can not legally divert the use of such property to uses and purposes inconsistent with the purpose of such grant . . .

*Seattle Land & Imp. Co. v. Seattle,* 37 Wash. 274, 276, 79 P. 780 (1905); *accord,* Annot., *Uses to Which Park Property May Be Devoted,* 144 A.L.R. 486, 498 (1943) ("[G]enerally a municipality has no power to convey or sell land dedicated as a public park, square, or common."); 2A C. Antieau, *Municipal Corporation Law* § 20.21, at 20–82 (1984) ("Local governments cannot, even with state authorization, make a change of use of dedicated property.").

Second, Donald, as a resident of Vancouver and, presumably, a taxpayer, could dispute the City's action, because taxpayers of a local government can hold the governmental entity to dedicated uses. C. Antieau, § 20.21, at 20–81; Annot., *Right and Capacity of Taxpayer To Attack Sale by Municipal Corporation or Other Taxing Unit of Its Property,* 17 A.L.R.2d 475, 484–85 (1951).[3]

Donald asserts that in order for us to conclude that Leverich conveyed a fee simple subject to a condition subsequent, we must have before us certain allegedly material facts, and that the need for those facts precludes summary judgment. The court in *Seattle Land* observed that a restriction upon future change of use or on alienation would

---

[3]Even if Donald persuaded us that he was defending a dedicated use, he could not have gained taxpayer standing, despite the doctrine discussed here. It is a condition precedent to any such taxpayer suit that the Attorney General first decline a request to institute the action, *Tacoma v. O'Brien,* 85 Wn.2d 266, 269, 534 P.2d 114 (1975), except where facts demonstrate that such a request would have been useless. *Farris v. Munro,* 99 Wn.2d 326, 329, 662 P.2d 821 (1983). It is not alleged either that the Attorney General declined a request from Donald, or that such a request would have been futile.

be enforced

> [in] those cases where the property is dedicated or donated for some specific public use, or conveyed with some restriction, or where payment is provided by assessment upon neighboring property specially benefited by the contemplated use.

(Italics omitted.) *Seattle Land,* 37 Wash. at 278. Donald therefore argues that the defendants, asserting the existence of the fee simple defeasible, must show that Vancouver fulfilled any conditions that it agreed to perform—in this case that Vancouver paid Anna Leverich annually during her lifetime, and, even more specifically, that it did not pay her from funds generated by a special assessment district.

Donald cannot shift his burden of proof. The record in no manner suggests that payment for the park came from a special assessment. The burden was upon Donald to produce such evidence. He did not do so.

Because no issue of material fact was raised and because the legal conclusions turn upon the interpretation of a written document without reference to extrinsic facts, this court is in as good a position as the trial court to determine the intent of the grantor. *Cf. Vincent v. Vincent,* 16 Wn. App. 213, 216, 554 P.2d 374 (1976) (divorce decree); *In re Estate of Dodge,* 6 Cal. 3d 311, 318, 491 P.2d 385, 98 Cal. Rptr. 801 (1971) (possibility of conflicting inferences from uncontroverted evidence does not relieve appellate court of duty independently to interpret an instrument).

We find that, within the four corners of the Leverich deed, Vancouver received a fee simple, defeasible if the City failed to use any of the land as a park, but only at the option of Leverich or her heirs and assigns. Donald is neither an heir nor an assignee. Leverich did not merely dedicate her land, and Donald's status as a taxpayer and a putatively injured member of the public gave him no standing to bring his dispute before the courts. The defendants were entitled to have Donald's action dismissed, and the court did not err in granting them summary judg-

888

ment and quieting title.
Judgment is affirmed.

PETRICH and ALEXANDER, JJ., concur.